STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, v. THOMAS W. STANOSHECK, RESPONDENT.

92 N. W. 2d 194

Filed October 3, 1958. No. 34488.

*Clarence S. Beck*, Attorney General, and *Gerald S. Vitamvas*, for relator.

*Bartlett E. Boyles*, for respondent.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

This is an original proceeding brought by the State on relation of the Nebraska State Bar Association, praying for fitting and proper disciplinary action against respondent, Thomas W. Stanosheck, who was a member of said association and licensed to practice law in this state.

The complaint filed by relator alleged in substance that on or about November 21, 1956, respondent entered a plea of nolo contendere to a charge of issuing a no-fund check, contained in an information filed in the district court for Gage County. Relator also alleged that on said date respondent was convicted of said charge and was sentenced to imprisonment in the State Reformatory for Men at Lincoln, Nebraska, during a period of not less than 15 nor more than 21 months, which judgment of conviction and sentence became final and had been carried into effect. Relator further alleged that by reason of the foregoing facts, respondent violated designated canons 29 and 32, Canons of Profes-

sional Ethics promulgated and adopted by the Nebraska State Bar Association for the regulation of ethical standards applicable to members of said association.

For answer, respondent admitted that on or about November 21, 1956, he entered a plea of nolo contendere to the charge alleged in the information aforesaid, and was convicted and sentenced as alleged, which judgment and sentence had been carried into effect, and that the sentence of imprisonment thereunder had long since been completed. However, defendant alleged that he had a substantial defense to the charge upon which he was sentenced, but for compelling personal reasons he determined that a public trial would be highly undesirable so he entered a plea of nolo contendere. He denied that the admitted facts constituted a violation of any canon of professional ethics or statutes, and in effect alleged that the offense for which he was convicted was done in a personal capacity and did not involve activities in any professional matter.

Thereupon, relator filed a motion for judgment on the pleadings, and same was argued and submitted. We sustain the motion and render a judgment of disbarment.

In State ex rel. Nebraska State Bar Assn. v. Wiebusch, 153 Neb. 583, 45 N. W. 2d 583, a disciplinary proceeding, we reaffirmed that: "A motion for judgment on the pleadings admits facts well pleaded or admitted in an answer but does not admit conclusions of law contained therein.

"Where, upon statements in the pleadings, one party is entitled by law to judgment in his favor, judgment should be so rendered by the court." See, also, Part III, § 6, Disciplinary Proceedings, Revised Rules of the Supreme Court. Further, section 10 thereof provides: "The court may disbar, suspend, censure or reprimand the respondent and take such other action as shall by the court be deemed appropriate."

As recently as State ex rel. Nebraska State Bar Assn. v. Fitzgerald, 165 Neb. 212, 85 N. W. 2d 323, we said:

"In the Rules Creating, Controlling and Regulating Nebraska State Bar Association it is provided by Article X thereof, as to professional conduct, that: 'The ethical standards relating to the practice of law in this state shall be the canons of Profesional Ethics of the American Bar Association, including the additions and amendments as of January 1, 1945, thereto, and those which may from time to time be approved by the Supreme Court.'

"Canon 29 thereof provides in part that: 'He should strive at all times to uphold the honor and to maintain the dignity of the profession and to improve not only the law but the administration of justice.'

"And canon 32 provides in part that: *'He must also observe* and advise his client to observe *the statute law,* though until a statute shall have been construed and interpreted by competent adjudication, he is free and is entitled to advise as to its validity and as to what he conscientiously believes to be its just meaning and extent. But above all a lawyer will find his highest honor in a deserved reputation for fidelity to private trust and to public duty, as an honest man and as a patriotic and loyal citizen.' (Emphasis ours.)"

In the foregoing opinion, after citing and quoting with approval from numerous authorities of this and other jurisdictions, we held: "In granting a license to practice law it is on the implied understanding that a party receiving it shall in all things demean himself in a proper manner, and abstain from such practices as cannot fail to bring discredit upon himself, the profession, and the courts.

"The purpose of a disciplinary proceeding is not so much to punish the attorney as it is to determine in the public interest whether he should be permitted to practice.

"Misconduct of an attorney, indicative of moral unfitness for the profession sufficient to deny an applicant admission to the bar, even if the act is not committed in a professional capacity, justifies disbarment.

"The oath required by section 7-104, R. R. S. 1943, obligates lawyers taking the same to faithfully discharge their duties, uphold and obey the Constitution and laws of this state, observe establisned standards and codes of professional ethics and honor, maintain the respect due to courts of justice, and abstain from all offensive practices which cast reproach on the courts and the bar.

"In general it may be stated that a conviction of a felony or misdemeanor involving moral turpitude, as such term is defined by the statutes, is conclusive evidence warranting disbarment."

Section 28-1212, R. R. S. 1943, provides in part: "Any person who, *with intent to defraud,* shall make or draw, utter or deliver any check * * * upon any bank, * * * knowing, at the time of such making, drawing, uttering, or delivering, that the maker or drawer has no account or deposit in such bank * * * upon conviction thereof, shall be imprisoned in the penitentiary for not less than one year nor more than ten years, or imprisoned in the county jail not less than thirty days nor more than six months, or be fined not less than fifty dollars nor more than five hundred dollars." (Italics supplied.)

Also, as provided in part by section 29-102, R. R. S. 1943: "The term 'felony' signifies such an offense as may be punished with death or imprisonment in the penitentiary."

In that connection, as stated in Goedert v. Jones, 150 Neb. 783, 36 N. W. 2d 119, citing and relying upon Rains v. State, 142 Neb. 284, 5 N. W. 2d 887: "Under the provisions of section 29-102, R. S. 1943, if the maximum penalty is one year or more in the penitentiary, the crime is a felony."

As a general rule, all crimes of which intent to defraud is a necessary element are looked upon as involving moral turpitude. See, 58 C. J. S., Moral, p. 1206; Neibling v. Terry, 352 Mo. 396, 177 S. W. 2d 502, 152 A. L. R. 249; In re Hallinan, 43 Cal. 2d 243, 272 P.

2d 768; State ex rel. Sorensen v. Scoville, 123 Neb. 457, 243 N. W. 269.

Without discussing the issue at length, we conclude that the crime of issuing a no-fund check upon a bank with intent to defraud, knowing at the time that the maker or drawer had no account or deposit in such bank, as provided by section 28-1212, R. R. S. 1943, is a felony involving moral turpitude.

In that connection, we are not concerned here with the history or general effect of a plea of nolo contendere provided for by section 29-1819, R. R. S. 1943. It is sufficient to say that a plea of nolo contendere admits the matters alleged in an information when the plea is entered by a defendant, and places him in the same position in that particular case as though he had pleaded guilty; and as a matter of course, an appropriate judgment of conviction and sentence follows upon such plea as well as upon a plea of guilty. See, Annotation, 152 A. L. R 273, which cites and discusses authorities too numerous to set forth herein.

Respondent herein admitted in his answer that such a judgment of conviction was rendered upon his plea of nolo contendere, whereupon sentence was imposed as provided by section 28-1212, R. R. S. 1943, which judgment and sentence became final, and respondent served his sentence.

In comparable situations, it is generally held that a judgment of conviction of a felony or misdemeanor involving moral turpitude, rendered upon a plea of nolo contendere, is conclusive upon a respondent lawyer in a disciplinary proceeding, and is sufficient to authorize the court to impose discipline where a statute or rule of court, as heretofore recited, provides that a lawyer convicted of such an offense may be disbarred. See, State ex rel. Nebraska State Bar Assn. v. Fitzgerald, *supra,* and Neibling v. Terry, *supra,* together with authorities cited and discussed in Annotation, 152 A. L. R. 287. That rule is controlling here.

For reasons heretofore set forth, relator's motion for judgment on the pleadings should be and hereby is sustained. It is therefore found and adjudged that respondent should be and hereby is disbarred; his order of admission to the bar of this state is annulled; his license to practice law is cancelled; his name is stricken from the roll of lawyers in this state; and he is enjoined from practicing law either directly or indirectly in this state.

JUDGMENT OF DISBARMENT.

MESSMORE, J., not participating.