STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, v. BERTRAND V. TIBBELS, RESPONDENT.

92 N. W. 2d 546

Filed October 24, 1958. No. 34482.

*Clarence S. Beck,* Attorney General, and *Gerald S. Vitamvas,* for relator.

*Bertrand V. Tibbels,* pro se.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an original proceeding brought by the State of Nebraska on the relation of the Nebraska State Bar Association praying for disciplinary action against the respondent, Bertrand V. Tibbels, an attorney duly licensed to practice law in this state.

The charge of misconduct against respondent is that he failed to file with the proper office of the federal government any return or report of his income for income tax purposes for the years 1952, 1953, and 1954, although he had an income which he was required by law to report. The complaint further alleges that on January 17, 1957, respondent was charged in two counts in the United States District Court for the District of Nebraska with willfully and knowingly failing to file the aforesaid income tax returns for the years 1953 and 1954. Respondent pleaded nolo contendere to Count 1 involving the year 1953, and not guilty to Count 2 involving the year 1954. Upon a hearing, respondent was found guilty as to Count 1 and sentenced to pay a fine of $500 and costs, and was placed on probation for 14 months conditioned that he pay into the proper govern-

mental agency the estimated amount of taxes and penalties due in the amount of $2,292.41. Count 2 was dismissed. Upon the foregoing charge the relator prays that respondent be disciplined for violating the standards of ethics governing Nebraska lawyers.

Respondent filed an answer to the complaint in which he admits the filing of charges and his conviction on Count 1 in the United States District Court. He further alleges that when he was arraigned on the charge he asked leave to plead nolo contendere to Count 1 and explained to the court that he was not guilty of any willful or intentional violation of the statute, but desired to waive trial and consent to the imposition of penalty. He admits that the court entered a judgment of guilty as to Count 1 and imposed the sentence alleged. He admits paying the fine and complying with the terms of the probationary order. Respondent further admits that he filed no income tax returns for the years 1952, 1953, and 1954; denies that such failure was willful, but resulted from inadequate bookkeeping methods, the press and urgency of professional engagement, and conflicting demands upon his time; and alleges that he reported his failure to file his return each year to the local internal revenue office and at all times intended to file the returns and pay any tax due. Respondent alleges that by offering to plead nolo contendere to Count 1 he did not intend to admit guilt, and that he in fact was not guilty of the charge.

Upon the filing of the foregoing answer the relator moved for a judgment on the pleadings. The issue before the court is whether or not the pleadings entitle the relator to a judgment as a matter of law.

It is the law of this state that a conviction of a crime involving moral turpitude, whether a felony or misdemeanor, is conclusive evidence warranting disciplinary action. State ex rel. Nebraska State Bar Assn. v. Fitzgerald, 165 Neb. 212, 85 N. W. 2d 323; State ex rel. Wright v. Sowards, 134 Neb. 159, 278 N. W. 148. It is

also the law of this state that a conviction following a plea of nolo contendere is a conviction within the foregoing rule. State ex rel. Nebraska State Bar Assn. v. Stanosheck, *ante* p. 192, 92 N. W. 2d 194; State ex rel. Nebraska State Bar Assn. v. Fitzgerald, *supra.* In the Stanosheck case this court said: "In comparable situations, it is generally held that a judgment of conviction of a felony or misdemeanor involving moral turpitude, rendered upon a plea of nolo contendere, is conclusive upon a respondent lawyer in a disciplinary proceeding, and is sufficient to authorize the court to impose discipline where a statute or a rule of court, as heretofore recited, provides that a lawyer convicted of such an offense may be disbarred. See, State ex rel. Nebraska State Bar Assn. v. Fitzgerald, supra, and Neibling v. Terry, supra, together with authorities cited and discussed in Annotation, 152 A. L. R. 287. That rule is controlling here." It is readily apparent, therefore, that it is the conviction and not the plea that affords the basis of disciplinary action.

In State ex rel. Nebraska State Bar Assn. v. Fitzgerald, *supra,* this court determined that to knowingly and willfully fail to make income tax reports, as required by federal statutes, involves moral turpitude even though the statute only classifies it as a misdemeanor. It is also determined by that case that a conviction for failure to file income tax reports under the criminal provisions of federal statutes is a violation of the standards of ethics of the Nebraska State Bar Association prescribed by this court. It is clear therefore that respondent's answer does not set forth a defense to the complaint and that relator's motion for a judgment on the pleadings should be sustained.

There is no evidence before us that respondent has ever breached any professional duties or been guilty of any other wrongdoing. Under these circumstances the ends of justice will be served by suspending respondent from further practice of law, same to be effective 30

days after our judgment rendered herein becomes effective. If at the end of 1 year respondent makes an affirmative showing that he has fully complied with the order of suspension and that he will not in the future engage in any practices offensive to the legal profession, he will be reinstated. If he fails to so comply, the suspension will become permanent. Judgment of suspension accordingly. All costs of the proceeding are taxed to respondent.

JUDGMENT OF SUSPENSION.