**UNITED STATES of America**

v.

**Albert F. REISFELD et al.**

**Crim. No. 24701.**

United States District Court

D. Maryland.

Nov. 10, 1960.

———◇———

Leon H. A. Pierson U. S. Atty., Baltimore, Md., for plaintiff.

R. Lewis Bainder, Baltimore, Md., for defendant Reisfeld.

THOMSEN, Chief Judge.

Defendant Reisfeld was indicted, along with three other individuals, for making and causing to be made false statements to the Federal Housing Administration, in violation of 18 U.S.C.A. §§ 1010 and 1012. He pleaded *nolo contendere*, with the consent of the court, and was sentenced to pay a fine of $7,000 and costs, with commitment in default of payment of the fine.[1]

The judgment was entered on a printed form supplied by the Administrative Office of the Courts, which follows the wording of Form 25 in the Appendix of Forms, 18 U.S.C.A. accompanying the Federal Rules of Criminal Procedure.

---

1. The judgment entered against Reisfeld contains the following paragraphs, inter alia:

"It is adjudged that the defendant has been convicted upon his plea of 'Nolo Contendere', which was accepted by the Court, as to each of Counts Nos. 1, 2, 3, 4, 6, 8, 9, 11, 13, 14, 15, 16, 18 and 19 of the offense of (Count No. 1) Conspiracy to make or cause to be made false statements on Federal Housing Administration loan documents, (Counts Nos. 2, 3, 4, 6, 8, 9, 11, 13, 14, 15, 16, 18 and 19)

making false statements on Federal Housing Administration loan documents, as charged and the court having asked the defendant whether he has anything to say why judgment should not be pronounced, and no sufficient cause to the contrary being shown or appearing to the Court,

"It is Adjudged that the defendant is guilty as charged and convicted.

"It is Adjudged that the defendant pay * * *."

See Rule 58, 18 U.S.C.A. That form reads in pertinent part as follows:

"It is Adjudged that the defendant has been convicted upon his plea of [2] ............. of the offense of ............ as charged [3] ..........; and the court having asked the defendant whether he has anything to say why judgment should not be pronounced, and no sufficient cause to the contrary being shown or appearing to the Court.

"It is Adjudged that the defendant is guilty as charged and convicted.

"It is Adjudged that the defendant * * *."

Notes 2 and 3 to Form 25 read:

"2. Insert (1) 'guilty,' (2) 'not guilty, and a verdict of guilty,' (3) 'not guilty, and a finding of guilty,' or (4) 'nolo contendere,' as the case may be.

"3. Insert 'in count(s) number .............' if required."

Defendant, through his counsel, has requested the court to amend the judgment (1) by striking out the words "It is Adjudged that the defendant has been convicted upon his plea of nolo contendere", and (2) by striking out the words "It is Adjudged that the defendant is guilty as charged and convicted."

Form 25 is generally followed in this court, by all three judges, whether a defendant pleads guilty or nolo contendere or is found guilty by a jury or by the court. However, in 1954, in the case of United States v. Fagan, Criminal No. 22566, Judge Chesnut entered a "revised" judgment in which he (1) struck out the words "It is Adjudged that the defendant has been convicted upon his plea of 'Nolo Contendere', of the offense of Evasion of Income Taxes", and substituted in lieu thereof the words "The defendant having submitted upon his plea of 'Nolle Contendere' of the offense of Evasion of Income Taxes", and (2) struck out the words "It is Adjudged that the defendant is guilty as charged and convicted.", and substituted in lieu thereof "It was Adjudged that the said plea was accepted by the Court." The same wording has since been used by all the judges in a few cases where we have been requested to do so by counsel, but all three judges have continued to use the wording recommended by Form 25 in other cases where a plea of nolo contendere has been accepted and no request has been made to change the wording. In the Nikirk case, Criminal No. 24670, Judge Watkins and I stated by letter made a part of the record that we felt the difference was a matter of form and wording rather than of substance.

The forms which accompany the Rules are illustrative and not mandatory, Rule 58, but they reflect the understanding of the drafters as to what is proper or required. Gadsden v. United States, 96 U.S.App.D.C. 162, 223 F.2d 627, 632.

■ A plea of nolo contendere is an implied confession of guilt, and for the purposes of the case is equivalent to a plea of guilty. But it does not have the effect of an estoppel and cannot be used in any other proceeding as an admission of guilt. Hudson v. United States, 272 U.S. 451, 455, 47 S.Ct. 127, 71 L.Ed. 347; United States v. Norris, 281 U.S. 619, 622, 50 S.Ct. 424, 74 L.Ed. 1076; Dillon v. United States, 8 Cir., 113 F.2d 334, certiorari denied 311 U.S. 689, 61 S.Ct. 71, 85 L.Ed. 445; United States v. Safeway Stores, N.D.Tex., 20 F.R.D. 451; Neibling v. Terry, 352 Mo. 396, 177 S.W.2d 502, 152 A.L.R. 249, Annotation 253, 273 et seq.; 4 Wharton's Criminal Law and Procedure (Anderson) § 1903, pp. 772–3.

■ It is generally held that a plea of nolo contendere followed by judgment amounts to a conviction. 5 Wharton, op. cit., § 2219, pp. 438–9, citing inter alia People v. Daiboch, 265 N.Y. 125, 191 N.E. 859, and United States ex rel. Bruno v. Reimer, 2 Cir., 98 F.2d 92. In Fisher v. Schilder, Warden, 10 Cir., 131 F.2d 522, Judge Orie L. Phillips said:

"While a plea of nolo contendere does not create an estoppel, it has all the effects of a plea of guilty for the purposes of the criminal case.

"In United States v. Norris, 281 U.S. 619, 623, 50 S.Ct. 424, 425, 74 L.Ed. 1076, the court said:

" 'After the plea, nothing is left but to render judgment, for the obvious reason that in the face of the plea no issue of fact exists, and none can be made while the plea remains of record. Regarded as evidence upon the question of guilt or innocence, * * * the plea of nolo contendere * * * for that case, was as conclusive as a plea of guilty would have been.'

"In United States v. Lair, 8 Cir., 195 F. 47, 52, cited with approval in the Norris case, supra, the court said:

" 'In fact, the defendant admitted that he committed the offense charged within that district; for his plea of nolo contendere is in effect a plea of guilty to every essential element of the offense well pleaded in the charge against him, and warrants his conviction thereof without more * * * though the conviction cannot rightly be used against him in any other case. Such is the effect of the plea of nolo contendere.'

"With respect to affording a basis for a judgment of conviction and the imposition of sentence, there is no substantial difference between a plea of nolo contendere and a plea of guilty. * * *" 131 F.2d at page 524.

In Hudson v. United States, supra, where the defendant had pleaded nolo contendere, Mr. Justice, later Chief Justice, Stone said: "The conviction and sentence were affirmed by the Court of Appeals for the Third Circuit." See also United States v. Safeway Stores, supra, and Annotation 152 A.L.R. 253, 275.

It is not necessary that the court adjudge the party guilty; indeed, it has been held that such a provision in a judgment is not even proper. See 152 A.L.R. at 276; Rossman, Arraignment and Preparation for Trial, 5 F.R.D. 63, 67.

■ However the judgment may be worded, the effect of the acceptance of a plea of nolo contendere and the imposition of sentence thereon is the same. Preferably, the judgment should state: "It is Adjudged that the defendant has been convicted upon his plea of nolo contendere of the offense", as provided in Form 25. But the judgment need not and should not state: "It is Adjudged that the defendant is guilty as charged and convicted."

■ I will enter an amended judgment in this case, identical with the judgment heretofore entered, but striking out the words: "It is Adjudged that the defendant is guilty as charged and convicted."

I am authorized by Judge Chesnut and Judge Watkins to say that they concur in this opinion. We intimate no opinion as to the effect the judgment in this or any other case may have in any disciplinary proceeding which may be brought against an attorney in this court or in any other court. Defendant Reisfeld is an attorney, but he is not a member of the bar of this court. If he should ever apply for admission to the bar of this court, the application will be heard and considered by the court en banc.