In the Matter of JOHN C. WARD, an Attorney, Respondent. BAR ASSOCIATION OF ERIE COUNTY, Petitioner.

Fourth Department, February 28, 1963.

*John B. Walsh* for petitioner.

*Charles J. McDonough* for respondent.

*Per Curiam.* The respondent is an attorney at law, duly admitted to practice in the courts of this State and who practiced in the County of Erie. On February 20, 1961 the respond-

ent was indicted by the Grand Jury of the Federal court for the Western District of New York for the crimes of filing false and fraudulent income tax returns for the years 1954, 1955, 1956 and 1957 in violation of section 7201 of title 26 of the United States Code. There were four counts of the indictment each including a separate year.

The facts are undisputed. On June 11, 1962 the respondent, with the permission of the court, entered a plea of *nolo contendere* to the first count for the year 1954 and the three other counts were dismissed. Upon that plea the court thereupon entered a judgment " that the defendant has been convicted on his plea of nolo contendere " and sentenced him to two years' imprisonment in an institution to be designated by the Attorney-General, but imprisonment was suspended and he was placed on probation without supervision and was fined $10,000 to be paid in 90 days. The fine was paid. The crimes charged were felonies under Federal law, but considered misdemeanors under New York State law.

Following such plea and judgment this proceeding was instituted by the Erie County Bar Association. The respondent appeared, filed an answer, which raised no issue of fact, and moved to dismiss the petition upon the ground that the plea of *nolo contendere* was not a basis for disciplinary action.

The plea of *nolo contendere* is no longer permitted under the laws of this State. It unquestionably supports a judgment of conviction of a crime and, therefore, it is a proper basis for disciplinary action (*People* v. *Daiboch*, 265 N. Y. 125). The judgment of conviction of a misdemeanor constitutes at least prima facie evidence of guilt of the crime charged (*People* v. *Donegan*, 282 N. Y. 285). The motion to dismiss the petition herein is denied (*Matter of Crosby*, 281 App. Div. 801, 283 App. Div. 1001).

The professional misconduct herein, over which there is no dispute, springs from a violation of canons 29 and 32 of the Canons of Professional Ethics in failing to observe and obey statutory law and moral principles.

The violation described warrants suspension from the practice of law for a period of six months and thereafter until the further order of this court.

WILLIAMS, P. J., BASTOW, HALPERN, McCLUSKY and HENRY, JJ., concur.

Order entered suspending respondent for six months and until the further order of the court.