In the Matter of the Application for Disciplinary Action Against Edward J. BOSCH, a Member of the Bar of the State of North Dakota.

No. 8560.

Supreme Court of North Dakota.

Feb. 13, 1970.

Daniel J. Chapman, Bismarck, for Grievance Commission of the Supreme Court.

Richard H. McGee and Orlin W. Backes, of McGee, Van Sickle, Hankla, Backes & Wheeler, Minot, for Edward J. Bosch.

STRUTZ, Justice.

The respondent, an attorney, holding a valid certificate of admission to practice law in the State of North Dakota, was charged with three counts of willfully and knowingly attempting to file false and fraudulent income tax returns in violation of Section 7201 of the Internal Revenue Code, Title 26, U.S.C. He entered a plea of nolo contendere to each of the three counts. Judgment of conviction thereupon was entered on such plea by the Honorable George S. Register, Chief United States District Judge for the District of North Dakota, who imposed a suspended sentence on the respondent and placed him on probation for a period of two years, subject to the condition that full and complete settlement be made with the United States within a stated period.

Following such judgment of conviction, the Grievance Commission of the Supreme Court of the State of North Dakota, on its own motion, investigated the respondent's alleged misconduct and determined that the judgment of conviction based upon such pleas of nolo contendere was sufficient proof of violation by the respondent of the Canons of Ethics and of his oath of

office as a member of the Bar of the State of North Dakota. The matter was submitted to the appropriate grievance committee, which investigated the matter and made its report to the Grievance Commission. Upon receipt of a formal complaint and report from the Grievance Commission, the matter was reviewed by this court and formal complaint was ordered filed.

Upon service of the formal complaint, the respondent filed his answer thereto in which he admitted that three charges had been filed against him in Federal Court, his plea of nolo contendere to each of such charges, and the entry of judgment of conviction against him. His answer asserts that he entered a plea of nolo contendere to each of such charges solely for the purpose of avoiding unfavorable publicity attendant with a trial of the charges, which publicity would cause him harm and injure his law practice and would harm his relationship with his five children.

The Grievance Commission conducted a prosecution of the formal complaint before the Honorable W. C. Lynch, District Judge, who had been designated as referee in the matter by this court for the purpose of taking testimony on the charges set forth in the complaint. Following a hearing, the referee submitted his report, conclusions, and recommendations to this court.

Hearing on the adoption of the referee's findings, conclusions, and recommendations was held before this court on Thursday, February 5, 1970, at 10 a. m. The Grievance Commission appeared by its attorney, Daniel J. Chapman, of Bismarck, North Dakota, and the respondent appeared in person and by his attorneys, Richard H. McGee and Orlin W. Backes, both of the firm of McGee, Van Sickle, Hankla, Backes & Wheeler, of Minot, North Dakota.

The facts in this proceeding are not in serious dispute. It appears that the respondent was charged in Federal Court with three counts of willfully and knowingly attempting to file false and fraudulent income tax returns; that he entered a plea of nolo contendere to each of such charges; and that judgment of conviction thereupon was entered by the Federal Court on such charges. There is considerable evidence in the record tending to show facts in mitigation of the offenses charged, including the assertion that the respondent felt he had a legitimate defense to failing to include at least a portion of the items which were not included in his income tax returns. He further produced some very impressive character witnesses who testified to his previous good character and his reputation for truth and veracity.

■ This court is empowered by law to revoke or suspend the certificate of admission to the Bar of the State of North Dakota of any attorney for certain causes and on certain grounds. Section 27–14–01, North Dakota Century Code, provides that the power to revoke or suspend the certificate of admission of an attorney is vested in the Supreme Court. This statute authorizing the Supreme Court to revoke such certificate merely affirms pre-existing inherent power in the court. In re Simpson, 9 N.D. 379, 83 N.W. 541; In re Eaton, 60 N.D. 580, 235 N.W. 587.

Section 27–14–02 of the North Dakota Century Code sets forth the statutory causes for suspension or revocation of a certificate to practice law in this State. It provides, in part:

> "The certificate of admission to the bar of this state of an attorney and counselor at law may be revoked or suspended by the supreme court if he has:

> "1. Committed a felony or a misdemeanor involving moral turpitude;

> \*   \*   \*   \*   \*   \*

> "7. Committed any other act which tends to bring reproach upon the legal profession. The enumeration of certain grounds for disbarment or suspension of attorneys at law shall not be deemed a

limitation upon the general powers of the supreme court to suspend or disbar for professional misconduct."

The Supreme Court, in its Rules of Disciplinary Procedure, has again declared its inherent original and exclusive jurisdiction in all matters involving the admission of persons to practice law in the State of North Dakota and of disciplining such persons, and specifically has provided therein that any acts committed by any attorney contrary to accepted standards of honesty, justice, and morality, whether included in the statutory grounds for suspension or revocation or not, may constitute grounds for disciplining the holder of a certificate to practice; that any violation of the Canons of Professional Ethics as adopted by the American Bar Association and affirmed by the State Bar Association of North Dakota may also constitute cause for discipline. See Supreme Court Rules of Disciplinary Procedure, adopted June 21, 1965, effective August 1, 1965.

■ Thus a certificate of admission to practice law in the State of North Dakota may be suspended or revoked by the Supreme Court if the holder thereof commits a felony or a misdemeanor involving moral turpitude. The holder of a certificate of admission to practice may also be disciplined if he commits any other act which tends to bring reproach upon the legal profession, or if he commits any acts contrary to accepted standards of honesty, justice, or morality, whether specifically included in the statutory grounds for suspension or revocation of such certificate of admission or not.

In the case at bar, the Federal Court entered judgment of conviction on the respondent's plea of nolo contendere to the three counts of willfully and knowingly attempting to file false income tax returns. The respondent strenuously asserts that, under the facts and circumstances of this case, his conviction of such charges upon a plea of nolo contendere did not constitute

a conviction of a felony involving moral turpitude. We need not determine in this proceeding whether our statute provides for suspension or revocation of a certificate to practice on commission of any felony or whether it must be a felony involving moral turpitude. Although some courts have held that conviction of income tax violations does not necessarily involve moral turpitude, we believe the better rule is that it does, and that willfully and knowingly filing false and fraudulent income tax returns does involve moral turpitude. Certainly defrauding an individual would be considered an offense involving moral turpitude, and why defrauding the Government should not be considered such an offense we cannot understand. The charge against the defendant was "willfully and knowingly attempting to file false and fraudulent income tax returns," and we hold that such offense involves moral turpitude.

■ The fact that the defendant has entered a plea of nolo contendere to the charges does not render the judgment of conviction any less of a conviction than if he had been found guilty by a jury. The plea of nolo contendere to the three counts of the indictment was, in effect, a plea of guilty to each of such counts. Gemignani v. United States, 6 Cir., 9 F.2d 384 (1925). Such plea may be entered by the defendant with the consent of the court, so that he will not be required to positively admit the charges against him. A. B. Dick Co. v. Marr, D.C., 95 F.Supp. 83 (1950). The plea of nolo contendere has all of the effects of a plea of guilty for the purposes of the case in which it is entered, since on the face of the record, after such plea has been entered, no issue of fact appears. United States v. Cosentino, 7 Cir., 191 F.2d 574 (1951); United States v. Norris, 281 U.S. 619, 50 S.Ct. 424, 74 L.Ed. 1076 (1930).

Traditionally, the plea of nolo contendere is a plea of mercy, but it has the same effect as a plea of guilty. United States v. American Bakeries Company, D.C., 284 F. Supp. 864 (1968). Where such plea is fol-

lowed by a judgment, it amounts to a conviction. United States v. Reisfeld, D.C., 188 F.Supp. 631 (1960).

Thus the respondent's plea of nolo contendere to the charges of willfully and knowingly attempting to file false and fraudulent income tax returns makes him subject to discipline by this court. We would point out that the conduct of the respondent in this regard is conduct contrary to the accepted standards of honesty, justice, and morality and contrary to the Code of Ethics of the American Bar Association, as approved by the State Bar Association of North Dakota. Here, the Federal Court suspended sentence and placed the respondent on probation. We believe that this fact is immaterial in disciplinary proceedings except as it might be considered in mitigation of punishment.

Much evidence was introduced in this proceeding which tends to mitigate the offenses with which the respondent was charged. It is conceded that he had some trying personal problems. The record is replete with evidence to show that he had an excellent reputation for truth and veracity and honest dealing in the community in which he practiced law. The referee found this to be a fact. The Grievance Commission did not introduce any evidence to try to prove anything to the contrary. It based its entire case upon the pleas of nolo contendere to the three Federal counts and upon the judgment of conviction entered thereon.

Considering all of the evidence introduced in this case, we find that Edward J. Bosch is guilty of professional misconduct for the reasons stated herein.

We order that his certificate of admission to the State Bar be suspended for a period of nine months from the date of this order, and until he is reinstated as provided for in Section XIII of the Supreme Court Rules of Disciplinary Procedure.

It is so ordered.

TEIGEN, C. J., and ERICKSTAD and PAULSON, JJ., concur.

KNUDSON, J., concurs in the result.