In the Matter of the Application for Disciplinary Action against T. E. GEORGE, a Member of the Bar of the State of North Dakota.

No. 8679.

Supreme Court of North Dakota.

Jan. 20, 1971.

Timothy Q. Davies, Fargo, for Grievance Commission of the Supreme Court.

STRUTZ, Chief Justice, on reassignment.

Respondent, an attorney holding a valid certificate of admission to practice law in the State of North Dakota, was charged with embezzlement of public funds. On June 3, 1970, he entered a plea of guilty to this charge in the district court of La-Moure County, North Dakota, and was sentenced to serve an indeterminate term in the state penitentiary of not less than one nor more than three years.

Following judgment of conviction, the Grievance Commission of the Supreme Court of the State of North Dakota, on its own motion, investigated the respondent's alleged misconduct and determined that the judgment of conviction on such plea of guilty was sufficient proof of violation by the respondent of the Canons of Ethics and his oath of office as a member of the State Bar of North Dakota. Upon receipt of a formal complaint and report of the Grievance Commission, the matter was reviewed by this court, and formal complaint was ordered served and filed.

Upon service of the formal complaint on October 16, 1970, the respondent, on October 19, 1970, advised the Chief Justice of this court in writing that he had received a copy of the summons and complaint and added:

"This matter will go by default, in that I will not interpose an answer to the charges; * * *."

On November 12, 1970, there was filed in this court a certificate of no response which disclosed that the respondent had not answered the summons and complaint and that he was in default. This court thereupon issued its order to show cause directed to the respondent and ordered him to show cause, if any he had, before this court at 10 a.m. on the 5th day of January, 1971, why this court should not issue its order revoking the respondent's certificate of admission to the Bar of the State of North Dakota.

When the matter was called for hearing on January 5, 1971, in this court, the respondent made no appearance either in person, by attorney, or by filing a written return. The record before us shows that such summons and complaint was served upon the respondent personally on October 16, 1970.

■ This court is empowered to revoke the certificate of admission to the Bar of the State of North Dakota of an attorney for certain causes or on certain grounds. Section 27-14-01, North Dakota Century Code, provides that the power to revoke or suspend the certificate of admission of an attorney is vested in the Supreme Court. This statute affirms pre-existing inherent power in the court. See In re Bosch, 175 N.W.2d 11 (N.D.1970).

■ Section 27-14-02, North Dakota Century Code, sets forth the statutory causes for revocation of a certificate to practice law in this State. It provides, in part:

"The certificate of admission to the bar of this state of an attorney and counselor at law may be revoked or suspended by the supreme court if he has:

"1. Committed a felony * * *."

■ Thus a certificate of admission to practice law in North Dakota may be suspended by the Supreme Court if the holder of such certificate is convicted of a felony. In the case at bar, the respondent has entered a plea of guilty to embezzlement, which is a felony. He was sentenced to serve a term in the state penitentiary. He makes no resistance to the revocation of his certificate of admission.

In the light of what we have said above, we order that the respondent's certificate of admission to the State Bar be revoked.

TEIGEN, ERICKSTAD, PAULSON, and KNUDSON, JJ., concur.