499 P.2d 1260

**In the Matter of Frederick H. SNOOK, Attorney.**

**No. 11050.**

Supreme Court of Idaho.

July 28, 1972.

Paul S. Boyd, Boise, for Board of Commissioners.

Holden, Holden, Kidwell, Hahn & Crapo, Idaho Falls, for respondent Frederick H. Snook.

McQUADE, Chief Justice.

Frederick H. Snook has been a lawyer residing and practicing in Salmon, Idaho since 1935. On March 25, 1971, a three count indictment was filed by the Federal Grand Jury with the Clerk of the U. S. District Court charging Snook with violation of Section 7201 Internal Revenue Code (26 U.S.C. § 7201). It was alleged that Snook willfully and knowingly attempted to evade income tax due and ow-

16. 395 U.S. at 193–194, 89 S.Ct. at 1662–1663, 23 L.Ed.2d 194.

ing the United States for the years 1964, 1965, and 1966.

On July 12, 1971, Snook, represented by counsel, entered a plea of *nolo contendere* to count one of the indictment.[1] The plea was accepted and Snook was convicted, with counts two and three being dismissed upon motion by the United States attorney. Snook was sentenced to three months in jail and fined $5,000.

On August 31, 1971, a complaint was filed with the Board of Commissioners of the Idaho State Bar sitting as the disciplinary committee. Snook entered a general denial to the complaint and a hearing was held before the Commissioners on November 12, 1971.

On December 20, 1971, the Board of Commissioners of the Idaho State Bar filed with this Court its findings of fact and conclusions of law and recommendatory order that Snook be suspended from the practice of law in Idaho for nine months with three months credit given for sentence served as a result of the conviction in the U. S. District Court. It was also recommended that Snook be fined $1,000 and pay all costs of the proceeding.

On January 18, 1972, Snook filed his petition for review of the recommendatory order with this Court and assigned as error the following:

"1. The Board of Commissioners of the Idaho State Bar erred in failing to grant the Respondent's Motion to Dismiss challenging the sufficiency of the showing made by the Prosecuting Committee.

"2. The Board of Commissioners of the Idaho State Bar erred in concluding that a conviction based on a plea of *nolo contendere* upon a charge of income tax evasion under 26 U. S.C. 7201 is such a conviction of a felony involving moral turpitude as would subject the Respondent to re-

moval, suspension, or reprimand, as provided in Section 3–301, *Idaho Code.*

"3. The Board of Commissioners of the Idaho State Bar erred in recommending the suspension of the Respondent from practice for a term of nine months and the imposition of a fine of $1,000.00, in that such suspension and fine are unduly harsh and do not take into consideration the mitigating and extenuating circumstances present in this case."

In the case at bar we are faced with three main issues. First, whether the Board of Commissioners of the Idaho State Bar erred in denying Snook's motion to dismiss challenging the sufficiency of the showing of the Prosecuting Committee; second, whether conviction of willfully and knowingly attempting to evade income tax based upon a plea of *nolo contendere* is such a conviction as would subject Snook to disciplinary proceedings as provided by I. C. § 3–301; and third, whether the nine month suspension and $1,000 fine, as recommended by the Board of Commissioners of the Idaho State Bar, is unduly harsh.

■ The Prosecuting Committee need only introduce in evidence the record of the felony conviction to meet their burden of proof in such disciplinary proceedings. The Board of Commissioners of the Idaho State Bar did not err in denying Snook's motion to dismiss on the grounds of the sufficiency of the showing made by the Prosecuting Committee.

I.C. § 3–301 provides that an attorney may be removed, suspended, or reprimanded by the Supreme Court for "1. His conviction of a felony or misdemeanor involving moral turpitude, in which case the record of conviction is conclusive evidence * * *."

---

1. Attempt to willfully evade payment of income tax for 1964 in the amount of $4,587.57 on a joint adjusted gross income of $23,670.87. Snook's return for that year stated the adjusted gross income as only $3,565.68 and no tax was due and owing.

■ The language of I.C. § 3–301 does not require conviction of a felony involving moral turpitude because "moral turpitude," as used in the statute, modifies misdemeanor rather than felony. The word "or" separating felony and misdemeanor is given its normal disjunctive meaning that marks an alternative generally corresponding to "either" and renders that following the word "or" inapplicable to the subject matter of the clause preceding the conjunction.[2]

■ The second issue facing this Court is whether the conviction based on a *nolo contendere* plea is such a conviction as would subject Snook to disciplinary proceedings as provided in I.C. § 3–301. The prevailing rule is that where a statute makes conviction of a crime the basis for revocation of a license, the judgment or sentence amounts to a conviction even though it is entered on a *nolo contendere* plea.[3]

In a disciplinary proceeding for conviction of using the mails to defraud and obtain money by false representations, the Supreme Court of Illinois said:

"In our opinion there is no logical distinction in a disciplinary proceeding between a conviction under a plea of *nolo contendere*, on the one hand, and a conviction under a plea of guilty or an adjudication of guilt after a plea of not guilty, on the other."[4]

In State v. Stanosheck[5] the Supreme Court of Nebraska in resolving a state bar disciplinary proceeding said regarding the *nolo contendere* plea:

"It is sufficient to say that a plea of *nolo contendere* admits the matters alleged in an information when the plea is entered by a defendant, and places him in the same position in that particular case as though he had pleaded guilty * * *."[6]

The Nebraska Court continued by saying:

"In comparable situations, it is generally held that a judgment of conviction of a felony or misdemeanor involving moral turpitude, rendered upon a plea of *nolo contendere*, is conclusive upon a respondent lawyer in a disciplinary proceeding, and is sufficient to authorize the court to impose discipline where a statute or rule of court, as heretofore recited, provides that a lawyer convicted of such an offense may be disbarred."[7]

A case directly in point with the case at bar is In Re Bosch,[8] in which the respondent, an attorney, entered a plea of *nolo contendere* to three counts of willfully and knowingly attempting to file false and fraudulent income tax returns in violation of 26 U.S.C. § 7201. Following judgment of conviction disciplinary proceedings were instituted. In suspending the attorney from the State Bar the Supreme Court of North Dakota said:

"The fact that the defendant has entered a plea of *nolo contendere* to the charges does not render the judgment of conviction any less of a conviction than if he had been found guilty by a jury."[9]

■ There is authority in addition to that already cited permitting disciplinary proceedings following a conviction based on a plea of *nolo contendere*.[10] The Supreme Court of Illinois said in In Re Greenberg,[11] "for the purposes of disciplinary proceedings, conviction under a plea of *nolo contendere* is equivalent to a conviction

---

2. Filer Mutual Telephone Co. v. Idaho State Tax Commission, 76 Idaho 256, 281 P.2d 478 (1955).

3. See Annotation, 89 A.L.R.2d 540, 606–607 (1963).

4. In Re Eaton, 14 Ill.2d 338, 152 N.E.2d 850, 852 (1958).

5. 167 Neb. 192, 92 N.W.2d 194 (1958).

6. 92 N.W.2d 194, at 197.

7. Id., at 198.

8. 175 N.W.2d 11 (1970).

9. 175 N.W.2d 11, at 15.

10. In Re Van Arsdale, 44 N.J. 318, 208 A.2d 801 (1965); Steuben County Bar Association v. Costello, 21 A.D.2d 364. 250 N.Y.S.2d 941 (1964); Matter of Ward, 18 A.D.2d 15, 238 N.Y.S.2d 278 (1963).

11. 21 Ill.2d 170, 171 N.E.2d 615 (1961).

under any other plea." [12] Therefore, we hold that the State Bar Association did not err in concluding that a conviction based upon a plea of *nolo contendere* to a charge of income tax evasion under 26 U.S.C. § 7201 is such a conviction of a felony that subjects the respondent Snook to removal, suspension, or reprimand as provided in I.C. § 3–301.

■ Having decided that the offense of income tax evasion is such a conviction based upon a plea of *nolo contendere* that subjects the respondent Snook to disciplinary action, we are of the opinion that the nine month suspension from practice and $1,000 fine as recommended by the Board of Commissioners of the Idaho State Bar is not unduly harsh when compared with other cases involving income tax evasion by an attorney.[13] The language from In Re Van Arsdale, *supra*, is appropriate:

"Our study of the testimony presented at the ethics committee hearing convinces us that respondent's dereliction and conviction therefore cannot be overlooked by this Court or treated as a matter merely for reprimand. A lawyer's training and knowledge of the law require of him a more sensitive awareness of the need to fulfill his personal obligations under the federal income tax act, than might be expected of the ordinary layman. Respondent's [attorney] outline of the business and family problem which precipitated his failure to file the required

tax returns provides no sufficient legal or ethical excuse for his conduct." [14]

For reasons stated above, Frederick H. Snook is hereby suspended from the practice of law in Idaho for a period of nine months commencing upon the date of entry of this order, providing however, that three months thereof be deemed to have run by reason of the period of incarceration imposed by the serving of the sentence of the United States District Court conviction. At the close of the six month period of suspension said total period of nine months be deemed to have run and at that time respondent to be deemed eligible to apply for reinstatement of his license to practice law in the State of Idaho.

It is further ordered that respondent be fined a sum of $1,000, together with costs and expenses of proceedings in the sum of $191.58 to be paid to the Executive Director of the Idaho State Bar within twenty (20) days of the date of this order, and that if the payments ordered herein, including the payment of the fine mentioned herein, are not made by respondent within the said twenty day period, said respondent be suspended from the practice of law until paid; and further, that if the fine and costs are not paid within six months of the date of entry of this order that respondent be disbarred.

Costs to be paid by respondent.

DONALDSON, SHEPARD and BAKES, JJ., and THOMAS, D. J., concur.

---

12. *Id.* at 616.

13. In Re Van Arsdale, *supra*, one year suspension; In Re Bosch, *supra*, nine month suspension; In Re Mann, *supra*, license to practice annulled; In Re Kline, indefinite suspension; In Re Revzan, 33 Ill.2d 197, 210 N.E.2d 519 (1965), two year suspension; In Re Greenberg, *supra*, two year suspension.

14. 208 A.2d 801, 802.