THE NORTH CAROLINA STATE BAR v. FRANK WADE HALL, ATTORNEY AT LAW, BUNCOMBE COUNTY, ASHEVILLE, NORTH CAROLINA

No. 7628SC350

(Filed 20 October 1976)

Attorney and Client § 10; Criminal Law § 25— plea of nolo contendere by attorney — subsequent disciplinary proceeding — sufficiency of evidence of criminal offense

In an action brought by petitioner seeking disciplinary action against respondent, an attorney at law licensed to practice in N. C., the *adjudication of guilt* and *judgment of conviction* entered upon respondent's plea of *nolo contendere* to a charge of possession of chattels of a value less than $100 which had been embezzled and stolen while moving in interstate shipment were sufficient to prove the commission of a criminal offense showing professional unfitness; therefore, the trial court should have granted petitioner's motion for summary judgment and proceeded to enter judgment of punishment.

ON *writ of certiorari* to review the order of *Rouse, Judge.* Order entered 10 December 1975, in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 2 September 1976.

Petitioner brought this action seeking disciplinary action against respondent, an attorney at law license to practice in the State of North Carolina. The complaint alleges that "On November 5, 1974, the respondent entered a plea of nolo contendere to a charge of possession of chattels of a value less than $100 which had been embezzled and stolen while moving in interstate shipment in violation of Title 18, United States Code, Section 659. Said plea was entered in the United States

District Court, Western District of North Carolina. Thereafter respondent was adjudged guilty of said offense." Respondent's answer did not deny this allegation.

The complaint further alleged in paragraph 4:

"4. The conduct of the respondent set forth above constitutes a violation of the laws of North Carolina and the Canons of Ethics and Code of Professional Responsibility of The North Carolina State Bar as follows:

Frank Wade Hall has committed a criminal offense showing professional unfitness, a violation of North Carolina General Statute § 84-28(2)a.

Frank Wade Hall has failed to uphold the honor and maintain the dignity of the profession as required by Canon 29 of the North Carolina State Bar in effect until December 31, 1973, and has engaged in illegal conduct involving moral turpitude in violation of Disciplinary Rule 1-102(a)(3) of the Code of Professional Responsibility of the North Carolina State Bar in effect since January 1, 1974, both of the allegations contained in this paragraph constituting violations of the North Carolina General Statutes § 82-28(2)f."

Respondent's answer denied these allegations. Respondent made an election to have the matter tried in the Superior Court by a judge and a jury as provided in G.S. 84-28(3)d., and the pleadings and summons were certified to the Superior Court by the Secretary of the North Carolina State Bar. The petitioner then moved for summary judgment and attached to the motion a copy of the judgment and commitment in the United States District Court for the Western District of North Carolina. Respondent filed nothing in answer to the motion, but moved for judgment on the pleadings and for dismissal for failure of the complaint to state a claim for relief. The court heard the motions and denied all of them by order entered 10 December 1975. Petitioner gave notice of appeal.

Petitioner filed with this Court a petition for a writ of certiorari and with the Supreme Court a petition for discretionary review. Both were denied. Petitioner then filed with this Court a petition for reconsideration of the order denying its petition for a writ of certiorari. This petition was allowed, and respondent's motion to dismiss the appeal was denied.

*McDaniel, Melott and Fogel, by Robert A. Melott, for ap-pellant North Carolina State Bar.*

*Uzzell & DuMont, by Harry DuMont, for respondent ap-pellee.*

MORRIS, Judge.

The only question presented by this appeal is whether peti-tioner was entitled to summary judgment. Respondent strenu-ously contends that petitioner has not met the burden of showing that no genuine issue of fact exists and that this Court should remand the case to the Superior Court with directions that it be dismissed. We note that respondent did not appeal from the denial of his motion to dismiss and his motion for judgment on the pleadings.

This action is brought under the provisions of G.S. 84-28, entitled *Discipline and Disbarment,* prior to the rewriting of the statute by the 1975 General Assembly. That statute confers upon the Council of the North Carolina State Bar jurisdiction to hear and determine all allegations of "malpractice, corrupt or unprofessional conduct, or the violation of professional ethics, made against any member of the North Carolina State Bar," and to ". . . administer the punishments of private reprimand, suspension from the practice of law for a period not exceeding 12 months, and disbarment as the case shall in their judgment warrant, for any of the following causes: a. Commission of a criminal offense showing professional unfitness; . . . f. The violation of any of the canons of ethics which have been adopted and promulgated by the Council of the North Carolina State Bar." The statute further provides that all defenses shall be asserted by written answer and gives the respondent the right to elect to be tried in the superior court, in which case the com-plaint and answer shall be certified to the clerk of the superior court of the county of residence of respondent. Proceedings shall then "be conducted in the superior court in term in accord-ance with the laws and rules relating to civil actions, with right of appeal to the appellate division."

The complaint here alleges that respondent entered a plea of nolo contendere in the Federal District Court to a charge of possession of chattels of a value less than $100.00 which had been embezzled and stolen while moving in interstate shipment in violation of Title 18, United States Code, § 659, and that

thereafter respondent was adjudged guilty of the offense charged. By his answer, respondent did not deny this allegation. In his brief and argument he freely admits that he did enter a plea of nolo contendere to the charge but urges that, under North Carolina law, that plea cannot be used against him in this proceeding. Respondent argues that the decision in *In re Stiers,* 204 N.C. 48, 167 S.E. 382 (1933), if not controlling, is certainly persuasive. There the respondent had entered a plea of nolo contendere in the District Court of the United States to ten counts of embezzlement of proceeds of War Risk Insurance paid by the government to him as guardian. At that time, the statute governing disciplinary proceedings provided for disciplinary action upon a conviction or a confession in open court, State or Federal. The solicitor presented to the court a copy of the bill of indictment, judgment and docket entries in the District Court. The trial court entered judgment that upon the record presented, ". . . the plea of *nolo contendere* does not amount to a confession of a felony . . ." and dismissed the proceeding. The State appealed. The Supreme Court held that the State had no right of appeal since the statute did not expressly give that right and dismissed the appeal. That question does not arise in the case before us because the General Assembly has expressly conferred the right of appeal by G.S. 84-28(3) f. The Court in *Stiers,* however, went further and discussed the nature and quality of a plea of nolo contendere:

> "A plea of *nolo contendere,* which is still allowed in some courts, is regarded by some writers as a *quasi*-confession of guilt. Whether that be true or not, it is equivalent to a plea of guilty in so far as it gives the court the power to punish. It seems to be universally held that when the plea is accepted by the court, sentence is imposed upon a plea of guilty. The only advantage in a plea of *nolo contendere* gained by the defendant is that it gives him the advantage of not being estopped to deny his guilt in civil action based upon the same facts. Upon a plea of guilty entered of record, the defendant would be estopped to deny his guilt if sued in a civil proceeding." 204 N.C. at 50.

Therefore, the Court said, since ". . . a disbarment proceeding is of a civil nature, the mere introduction of a certified copy of an indictment, and judgment thereon, based upon a plea of *nolo contendere,* is not sufficient to deprive an attorney of his license; certainly, when he is present in court, denying his guilt

and strenuously contending that his fault, if any, rested upon a technical violation of a statute." *Id.* While the court's statement was not necessary for decision in *Stiers,* we agree with respondent that it is persuasive. However, even if the statement were necessary for decision, we do not think it would be controlling here.

In *Stiers* the judgment in the District Court was as follows:

> "*Judgment and Docket Entries:* June 13th, 1932, Case called for trial. Plea Nolo Contendere entered, on recommendation of United States Attorney, ordered that defendant pay a fine of $500.00, and pay the guardian of C. R. Ring, $1800.00, amount paid by guardian in the civil action to procure restitution to C. R. Ring.
>
> And defendant placed on probation for three years, in custody of the probation officer for this District before whom he is to report monthly, and must show fine paid in six months and the $1800.00 in one year, and must be suspended from the practice of law in this Court during probation period."

In the case before us the judgment and commitment was as follows:

> "UNITED STATES OF AMERICA
> v.          } No. 74-72
> WADE HALL
>
> On this 5th day of November, 1974 came the attorney for the government and the defendant appeared in person and by counsel Lamar Gudger
>
> IT IS ADJUDGED that the defendant upon his plea of Nolo Contendere and the court being satisfied there is a factual basis for the plea has been convicted of the offense of Chattels of a value less than $100.00 which had been embezzled and stolen while moving in Interstate Shipment in violation of Title 18, USC Section 659 as charged in one count and the court having asked the defendant whether he has anything to say why judgment should not be pronounced, and no sufficient cause to the contrary being shown or appearing to the Court.

State Bar v. Hall

IT IS ADJUDGED that the defendant is guilty as charged and convicted.

IT IS ADJUDGED that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of ONE (1) YEAR, suspended on probation without supervision for THREE (3) YEARS and pay $1,000.00 Fine. PAID."

Here, there is not only a *plea of nolo contendere*, but there is an *adjudication of guilt and a conviction* upon the plea. The complaint alleges an adjudication of guilt, and this allegation is not denied. Under these facts we are of the opinion and so hold that the adjudication of guilt and judgment of conviction entered on the plea are sufficient to prove the "commission of a criminal offense showing professional unfitness."

The position we take is supported by authority from other jurisdictions.

In *Neibling et al. v. Terry*, 352 Mo. 396, 177 S.W. 2d 502 (1944), respondent had entered a plea of nolo contendere in the United States District Court to several counts of using the mails to defraud and was convicted on the plea. There respondent admitted the conviction but took the position, as does respondent in the case sub judice, that the conviction could not be used against him in the disbarment proceeding because it was entered on a plea of nolo contendere. The petitioner had moved for judgment on the pleadings. The Court said:

"It is settled that a plea of nolo contendere amounts to an implied confession of guilt and for the purposes of the prosecution is equivalent to a plea of guilty. The plea should not be used by one who has not violated the law. *U. S. v. Norris*, 281 U.S. 619." 352 Mo. at 398.

Further the Court said at p. 400: "Other cases cited by respondent may be distinguished in that they hold, and properly so, the plea of nolo contendere may not be used as an admission in another suit. They do not discuss the effect of a conviction under such a plea in connection with statutory disqualification . . ." and went on to hold that respondent's *conviction* on his plea of *nolo contendere* is sufficient to authorize his disbarment under the Missouri statute providing that production of the record of conviction of any criminal offense involving moral

turpitude would be sufficient to support disbarment without further trial.

*In Matter of Ward,* 18 A.D. 2d 15, 238 N.Y.S. 2d 278 (1963), respondent had entered a plea of nolo contendere in the United States District Court to the charge of filing false and fraudulent income tax returns. Upon the plea the Court entered a judgment "that the defendant has been convicted on his plea of nolo contendere" and sentenced him to 2 years imprisonment, suspended, and he was placed on probation and fined. Respondent answered, raising no issue of fact, and moved to dismiss on the ground his plea of nolo contendere was not a basis for disciplinary action. The Court held that the plea "unquestionably supports a judgment of conviction of a crime and, therefore, it is a proper basis for disciplinary action." 18 A.D. 2d at 16.

In *State v. Mathew,* 169 Neb. 194, 98 N.W. 2d 865 (1959), respondent attorney entered a plea of nolo contendere in the United States District Court to the charge of knowingly transporting a girl from Nebraska to Colorado for the purpose of prostitution and debauchery. He was convicted on the plea. These facts were alleged in the Bar Association's complaint and admitted in respondent's answer. The Bar Association moved for judgment on the pleadings. Respondent's argument was that his plea could not receive evidentiary consideration in the disbarment proceeding. The Supreme Court of Nebraska held that the Bar was entitled to judgment, the judgment of conviction entered on respondent's plea being competent evidence of his conviction. See also *State v. Tibbels,* 167 Neb. 247, 92 N.W. 2d 546 (1958), and *State v. Stanosheck,* 167 Neb. 192, 197, 92 N.W. 2d 194 (1958), where the Court said:

> "In comparable situations, it is generally held that a judgment of conviction of a felony or misdemeanor involving moral turpitude, rendered upon a plea of nolo contendere, is conclusive upon a respondent lawyer in a disciplinary proceeding, and is sufficient to authorize the court to impose discipline where a statute or rule of court, as heretofore recited, provides that a lawyer convicted of such an offense may be disbarred."

In *In re Snook,* 94 Idaho 904, 499 P. 2d 1260 (1972), the Supreme Court of Idaho held that a conviction based on a plea of nolo contendere to a charge of income tax evasion is such a

conviction of a felony as will subject an attorney to disciplinary action, including disbarment.

In *State v. Estes*, 130 Tex. 425, 432, 109 S.W. 2d 167 (1937), the Court said:

> "The next contention made by the respondent is that he was not *convicted* within the intent and meaning of article 311. He urges in this connection that he entered a plea of nolo contendere in the federal court case in which he was charged with the commission of a felony, and that such plea, when accepted by the prosecuting attorney, becomes an implied confession of guilt and is equivalent to a plea of guilty for the purpose of that case only and cannot be used against the defendant as an admission of guilt in any civil suit for the same act.

> If it be granted that the plea entered by the respondent does not create an estoppel and that he is at liberty to re-litigate the fact of his guilt or innocence in another case, it avails nothing in this case. The term 'conviction' referred to in the statute is not restricted to a conviction procured upon entry of a particular plea by the accused in the case in which the conviction was had. The issue raised by the relators in the second count of the petition is whether respondent had been 'convicted of a felony' as alleged. It appears from the recitations of the judgment in evidence that he was convicted. No contention is made that the offense for which he was convicted was not a felony, nor is the issue of guilt or innocence involved in this proceeding. Our conclusion is in accord in principle with that reached in the cases of *State of Montana ex rel. McElliott v. Fousek*, 91 Mont. 457, 8 P. (2d) 795, 81 A.L.R. 1099 and the companion case, *State ex rel. Anderson v. Fousek*, 91 Mont. 448, 8 P. (2d) 791, 84 A.L.R. 303."

Other cases to the same effect are *In re Bosch*, 175 N.W. 2d 11 (N.D. 1970); *State Board of Law Examiners v. Holland*, 494 P. 2d 196 (Wyo. 1972); and *In re Mann*, 151 W. Va. 644, 154 S.E. 2d 860 (1967). It must be noted, however, that Article VI, Part E, § 24 of the By-Laws of the West Virginia State Bar provides that " . . . [a] plea or verdict of guilty or *a conviction after a plea of nolo contendere shall be deemed to be a conviction within the meaning of this section.*" (Emphasis supplied.)

While we are of the opinion that an exception to the general rule in this and other jurisdictions that a plea of nolo contendere cannot be used against a defendant in any proceeding other than the case in which it was entered should be made in the case of disciplinary proceedings against licensed attorneys, we do not think the position we have here taken does violence to the general rule. It simply should have no application where a judgment of conviction is entered on the plea. However, even where no judgment of conviction is entered nor adjudication of guilt made, it does not seem to us that a licensed attorney, who certainly knows or should know the effect of a plea of nolo contendere, should be allowed to use that plea as a cloak of immunity from the penalties likely to be imposed in a subsequent disciplinary action by the North Carolina State Bar.

For the reasons stated herein, we reach the conclusion that the trial court should have granted petitioner's motion for summary judgment and proceeded to enter judgment of punishment.

Reversed and remanded.

Judges HEDRICK and ARNOLD concur.