STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, V. CHARLES D. HAHN II, RESPONDENT.

356 N.W.2d 885

Filed October 26, 1984. No. 83-588.

Dennis G. Carlson, Counsel for Discipline, and Alison L. Larson, for relator.

Daniel E. Wherry of Johnston, Barber, Wherry & Knight, for respondent.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, and SHANAHAN, JJ.

PER CURIAM.

This is an original disciplinary proceeding against the respondent, Charles D. Hahn II. The respondent was charged with violating his oath as an attorney and Canon I, DR 1-102(A)(1), (3), and (6), of the Code of Professional Responsibility in that he willfully and knowingly failed to file a federal income tax return in 1978, 1979, and 1980. The respondent's answer admitted the facts alleged in the formal charges but denied that his conduct as alleged in the charges constituted a violation of his oath or a violation of DR 1-102.

Following an evidentiary hearing, the referee found that the respondent had violated his oath as an attorney and DR 1-102 (A)(1), (3), and (6). The referee recommended that the respondent be disciplined by a public reprimand and probation for 18 months with a requirement that he perform 150 hours of pro bono legal services. After the report of the referee had been filed, we ordered that the matter be briefed and argued.

A license to practice law is granted on the implied understanding that the party receiving it shall in all things demean himself in a proper manner and abstain from such practices as cannot fail to bring discredit upon himself, the profession, and the courts. *State ex rel. Nebraska State Bar Assn. v. Fitzgerald*, 165 Neb. 212, 85 N.W.2d 323 (1957); *State ex rel. NSBA v. Statmore, ante* p. 138, 352 N.W.2d 875 (1984). The oath of an attorney requires that he observe established standards of professional ethics.

DR 1-102(A)(1), (3), and (6) of the Code of Professional Responsibility provides as follows:

DR 1-102 Misconduct.
    A. A lawyer shall not:
       1. Violate a Disciplinary Rule.

. . . .

       3. Engage in illegal conduct involving moral turpitude.

. . . .

       6. Engage in any other conduct that adversely reflects on his fitness to practice law.

The record shows that the respondent was elected county attorney of Nemaha County in 1971 and held that office for 12 years. In 1978 the respondent received wages in the amount of $10,097.94 and partnership distributions of $37,548.70; in 1979, $12,172.50 in wages and $40,666.07 in partnership distributions; and in 1980 wages of $13,380 and partnership distributions of $45,724.61.

The record further shows that the respondent was charged in the U.S. District Court for the District of Nebraska with three separate counts of knowingly and willfully failing to timely file a federal income tax return in violation of I.R.C. § 7203 (1976). The respondent pleaded guilty to count III of that information; counts I and II were dismissed upon motion of the U.S. attorney. The respondent was fined $1,000 and costs and sentenced to 1 year's imprisonment, which sentence was suspended except for a period of 30 days of confinement to be served on 10 consecutive weekends. The respondent was also placed on probation, the terms of which included 150 hours of pro bono legal services.

In *State ex rel. Nebraska State Bar Assn. v. Fitzgerald, supra,* the respondent was suspended from the practice of law for 1 year for the failure to file federal income tax returns for 1947 to 1954, inclusive. We held that the knowing and willful failure to make income tax reports as required by federal law is misconduct involving moral turpitude and a violation of the oath of an attorney and the canons of ethics.

In *State ex rel. Nebraska State Bar Assn. v. Tibbels,* 167 Neb. 247, 92 N.W.2d 546 (1958), the respondent was suspended from the practice of law for 1 year for the failure to file federal income tax returns for 1952, 1953, and 1954. In the *Tibbels* case we reviewed our decision in the *Fitzgerald* case and again held that a knowing and willful failure to file income tax reports as required by the federal statutes is misconduct involving moral turpitude and a violation of the standards of ethics applicable to lawyers.

We believe that the *Fitzgerald* and *Tibbels* cases are controlling here and that the appropriate discipline to be imposed upon the respondent is suspension from the practice of law for 1 year.

It is the judgment of the court that the respondent be suspended from the practice of law for 1 year from November 15, 1984. The respondent may apply for reinstatement at the end of the period of suspension by making an affirmative showing that he has fully complied with the order of suspension and in the future will not engage in practices offensive to the legal profession.

JUDGMENT OF SUSPENSION.

GRANT, J., participating on briefs.