IN RE P. T. STIERS.

(Filed 25 January, 1933.)

**1. Appeal and Error A f—**

The State cannot appeal in either civil or criminal cases except upon statutory authority.

**2. Attorney and Client E b—**

C. S., 205, is complete in itself and, as amended, does not give the State authority to appeal in disbarment proceedings.

**3. Attorney and Client E c—Plea of nolo contendere held not confession of crime sufficient to sustain disbarment.**

A plea of *nolo contendere* does not amount to a "conviction or confession in open court" sufficient to disbar an attorney under the provisions of C. S., 205, a disbarment proceeding being civil in its nature; and especially is this true where the attorney appears in the disbarment proceeding and denies his guilt and contends that his fault, if any, rested upon a technical violation of a statute.

DISBARMENT proceeding, heard by *Stack, J.*, at September Term, 1932, of ROCKINGHAM.

P. T. Stiers was appointed guardian of one Charles Ring in February, 1922, and received, as such guardian, in monthly installments of $28.25 each, the sum of $5,000 proceeds of government insurance. The guardian contended that he loaned a portion of this money upon real estate security, resulting in a total loss, and that the balance of the fund was invested in a building upon land owned by the guardian and his wife. The guardian further contended that a suit was brought in Guilford County and referred to a referee and a final judgment rendered against him, which said judgment was satisfied in full. Thereafter he was indicted in the District Court of the United States for the Middle District of North Carolina. The bill of indictment contained ten counts alleging that the guardian had received various items of proceeds of War Risk Insurance paid by the government to him, and that he had embezzled the same.

The record discloses that on 13 June, 1932, the case was called for trial in the District Court for the United States, and that the defendant entered a plea of *nolo contendere*. Whereupon, it was adjudged that he pay a fine of $500, and in addition, he was placed on probation for three years in the custody of the probation officer for said district, and he was also "suspended from the practice of law in this Court during the probation period."

After due notice C. W. Higgins, the solicitor, presented to the trial judge "in open court a certified copy of the bill of indictment, judgment

and docket entries, under seal of the United States District Court for the Middle District of North Carolina." After hearing the argument of counsel and considering the records and proceedings in the Federal Court, the following judgment was entered: "Upon the foregoing record the court is of the opinion that the plea of *nolo contendere* does not amount to a confession of a felony and therefore dismisses this proceeding."

From the foregoing judgment the State appealed.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*P. W. Glidewell for respondent, Stiers.*

BROGDEN, J. The record presents two questions of law:

1. Did the State have a right to appeal from the judgment rendered?

2. Does a plea of *nolo contendere* constitute a "conviction or a confession in open court, State or Federal?"

The law recognizes and prescribes two methods for disbarring an attorney. *Committee on Grievances of Bar Association v. Strickland,* 200 N. C., 630, 158 S. E., 110. Such proceedings are in the nature of civil actions. *In re Ebbs,* 150 N. C., 44, 63 S. E., 190. The statutory method of disbarment is prescribed by C. S., 208 to 215 inclusive. However, the proceeding in the present case, was fashioned and presented in accordance with C. S., 205. C. S., 205 was finally enacted as chapter 64, Public Laws of 1929. Section 205, existing prior to 1929, was expressly repealed by said chapter 64, and a new section 205 enacted as a complete unit of legislation. The second section of said chapter 64 expressly repealed all laws and clauses of law in conflict therewith and provided that the act should be in force from and after its ratification.

It is an elementary proposition of law that the State cannot appeal either in civil or criminal actions unless such right is given by the lawmaking power of the State. It is apprehended that the reason for such a policy is built upon the idea that when the State in its sovereign capacity brings a citizen into its own tribunals, before its own officers, and in obedience to its own processes, and loses, that its avenging hand should be stayed except in unusual cases where the power to appeal is expressly conferred. The right of appeal is given the State in C. S., 215, but C. S., 215 is a part of chapter 941 of the Public Laws of 1907, which committed disbarment proceedings, for causes therein specified, to the initiative of the grievance committee of the North Carolina State Bar Association. Chapter 64 of the Public Laws of 1929, in accordance with which the present proceeding was conducted, is a complete act in

itself and confers no right or power of appeal upon the State. Consequently, the trial judge was warranted in dismissing the proceeding.

Furthermore, the trial judge was warranted in dismissing the proceeding upon the ground stated in the judgment, that is to say, that a plea of *nolo contendere* does not amount to a "conviction or confession in open court" of a felony. This Court, considering the nature and quality of such a plea in *S. v. Burnett,* 174 N. C., 796, 93 S. E., 473, said: "A plea of *nolo contendere,* which is still allowed in some courts, is regarded by some writers as a *quasi*-confession of guilt. Whether that be true or not, it is equivalent to a plea of guilty in so far as it gives the court the power to punish. It seems to be universally held that when the plea is accepted by the court, sentence is imposed upon a plea of guilty. The only advantage in a plea of *nolo contendere* gained by the defendant is that it gives him the advantage of not being estopped to deny his guilt in civil action based upon the same facts. Upon a plea of guilty entered of record, the defendant would be estopped to deny his guilt if sued in a civil proceeding."

Consequently, as a disbarment proceeding is of a civil nature, the mere introduction of a certified copy of an indictment, and judgment thereon, based upon a plea of *nolo contendere,* is not sufficient to deprive an attorney of his license; certainly, when he is present in court, denying his guilt and strenuously contending that his fault, if any, rested upon a technical violation of a statute.

Affirmed.