THE NORTH CAROLINA STATE BAR v. FRANK WADE HALL, ATTORNEY
AT LAW, BUNCOMBE COUNTY, ASHEVILLE, NORTH CAROLINA

No. 82

(Filed 11 November 1977)

1. **Criminal Law § 25— plea of nolo contendere—no admission of guilt for other proceedings**

    A plea of *nolo contendere*, so far as the court is concerned, in that court and in that particular case, authorizes judgment as upon conviction by verdict or plea of guilt, but so far as defendant is concerned, he is at liberty in all other proceedings, civil and criminal, to assert his innocence, and his plea may not be considered as an admission of guilt.

2. **Attorneys § 12; Criminal Law § 25— plea of nolo contendere—no basis for disciplinary action against attorney**

    Where the State Bar relied on respondent's *nolo contendere* plea in a prosecution for receiving stolen goods as a basis for disciplinary proceedings, the Court of Appeals erred in basing its decision that the State Bar was entitled to summary judgment on the ground that respondent not only entered a plea of *nolo contendere* but the District Court Judge, prior to imposing judgment upon the plea, "adjudged that defendant is guilty as charged and convicted," since a plea of *nolo contendere* has the effect of a plea of guilty for the purpose of that case only.

3. **Attorneys § 12— nolo contendere plea—no grounds for disciplinary action**

    Where respondent, a licensed attorney, pled *nolo contendere* to a charge of receiving and possessing chattels of a value less than $100, knowing the same to have been stolen or embezzled, the State Bar was not entitled to summary judgment in a disciplinary action on the basis of the *nolo contendere* plea, since the statute under which the State Bar instituted this proceeding, G.S. 84-28(2)(a), makes *commission* of a criminal offense showing professional unfitness one of the grounds for disciplinary action against an attorney, but respondent denied his guilt of the charge to which he had pled *nolo contendere*.

ON petition for discretionary review of the decision of the Court of Appeals, 31 N.C. App. 166, 229 S.E. 2d 39 (1976), reversing judgment in favor of complainant entered by *Rouse, J.*, at the 8 December 1975 Session of the Superior Court of BUNCOMBE, docketed and argued as Case No. 54 at the Spring Term 1977.

Complainant, North Carolina State Bar (State Bar), is the State agency established by N.C. Gen. Stat. § 84-15 (1975) to hear and determine charges of malpractice, corrupt or unprofessional conduct, or the violation of professional ethics made against any licensed attorney of this State. G.S. 84-28 (1975). Respondent (Hall)

is a licensed attorney. On 5 February 1975 State Bar instituted this action to discipline Hall upon allegations that he (1) had committed a criminal offense showing professional unfitness, a violation of G.S. 84-28(2)(a) (1975) and (2) had engaged in illegal conduct involving moral turpitude, a violation of the North Carolina State Bar Code of Professional Responsibility. DR1-102(A)(3), 283 N.C. 783, 786-87 (1973).

As the specific basis for imposing discipline, State Bar alleged that on 5 November 1974 in the United States District Court, Western District of North Carolina, Hall entered a plea of nolo contendere to a charge of receiving and possessing chattels of a value less than $100, knowing the same to have been stolen or embezzled, in violation of 18 U.S.C. § 659 (1970). Upon the entry of his plea "respondent was adjudged guilty of said offense."

Hall's answer to State Bar's complaint admitted the foregoing allegation. However, he denied his guilt of the charge to which he had pled nolo contendere and asserted that he had not violated the laws of North Carolina or the State Bar Code of Professional Responsibility. He moved to transfer the proceeding to the Superior Court of Buncombe County for a trial by jury pursuant to G.S. 84-28(3)(d). This motion was allowed. In the Superior Court State Bar moved for summary judgment and Hall moved for judgment on the pleading.

In support of its motion for summary judgment heard before Judge Rouse, State Bar introduced the "Judgment and Commitment" of the United States District Court in which District Judge Woodrow W. Jones, after reciting that he was satisfied a factual basis existed for Hall's plea of nolo contendere to the charge of violating 18 U.S.C. § 659, adjudged defendant Hall "guilty as charged and convicted," and ordered his imprisonment for "ONE (1) year, suspended on probation without supervision for THREE (3) years and pay $1,000.00 Fine."

Judge Rouse denied each party's motion for judgment. State Bar petitioned the Court of Appeals for certiorari, which petition was allowed. Upon review, that court ruled that Judge Rouse had erred in not granting State Bar's motion for summary judgment. It remanded the cause to the superior court with directions that summary judgment be entered for State Bar and that Hall be disciplined. We allowed certiorari.

*Christopher Bean and Harold D. Coley for complainant appellee.*

*Uzzell and Dumont for respondent appellant.*

SHARP, Chief Justice.

In this disciplinary action respondent admits he entered a plea of nolo contendere in the Federal District Court to the charge of receiving and possessing chattels valued at less than $100 knowing them to have been stolen or embezzled (a violation of Title 18, U.S.C., § 659), but denies he committed the offense charged. The question presented is whether respondent's plea of nolo contendere entitles the State Bar to summary judgment authorizing disciplinary action against respondent. The answer is found in our decisions defining the legal effect of a plea of nolo contendere. Its consequences, long established in this State, are clearly articulated in the cases cited below and in many others.

[1] By the plea of nolo contendere a defendant says only that he does not wish to contend with the State in respect to the charge. *State v. Norman*, 276 N.C. 75, 170 S.E. 2d 923 (1969); *State v. Cooper*, 238 N.C. 241, 77 S.E. 2d 695 (1953). Such a plea is not open to a defendant as a matter of right; its acceptance by the court is a matter of grace. "When accepted by the prosecution and approved by the court it ends the case and subjects the defendant to the judgment of the court as if guilt had been confessed. But this plea has a double implication. So far as the court is concerned, in that court and in that particular case, it authorizes judgment as upon conviction by verdict or plea of guilt. . . . But so far as the defendant is concerned, he is at liberty in all other proceedings, civil and criminal, to assert his innocence, and his plea may not be considered as an admission of guilt.

". . . Both the court and the prosecuting attorney may well decline to accept such plea in cases where the due administration of justice might be improperly affected, for when the plea is accepted it is accepted with all the implications and reservations which under the law and accurate pleading appertain to that plea." *Winesett v. Scheidt, Comr. of Motor Vehicles*, 239 N.C. 190, 194-95, 79 S.E. 2d 501, 504-505 (1954). *See State v. Sellers*, 273 N.C. 641, 161 S.E. 2d 15 (1968).

"The basic characteristic of the plea of *nolo contendere* which differentiates it from a guilty plea, as unanimously accepted by all the courts, is that while the plea of *nolo contendere* may be followed by a sentence, it does not establish the fact of guilt for any other purpose than of the case to which it applies." *Fox v. Scheidt, Comr. of Motor Vehicles*, 241 N.C. 31, 35, 84 S.E. 2d 259, 262 (1954). *See State v. Smith*, 265 N.C. 173, 143 S.E. 2d 293 (1965); *State v. Barbour*, 243 N.C. 265, 90 S.E. 2d 388 (1955); *State v. Thomas*, 236 N.C. 196, 72 S.E. 2d 525 (1952). Its effect is a plea of guilty for the purpose of that case only.

Following acceptance of the plea nothing more remains for the court to do except pronounce judgment. "When a plea of *nolo contendere* has been accepted by the Court, and as long as it stands, it is not within the province of the Court to adjudge the defendant guilty or not guilty. . . . The judge can hear evidence only to aid him in fixing punishment." *State v. Barbour*, 243 N.C. 265, 267, 90 S.E. 2d 388, 389 (1955). "Thus the super-added clause 'and was found guilty by the court' would be a misapprehension of the effect of a plea of *nolo contendere* in a criminal action, and could not be upheld." *State v. Thomas*, 236 N.C. 196, 202, 72 S.E. 2d 525, 529 (1952). See Annot., *Plea of Nolo Contendere*, 89 A.L.R. 2d 540, § 30, 584 (1963).

The principles enunciated in the decisions noted above were applied in *In re Stiers*, 204 N.C. 48, 167 S.E. 382 (1933). Stiers, a North Carolina attorney, entered a plea of nolo contendere in the United States District Court for the Middle District of North Carolina to ten charges of embezzlement of trust funds. He was fined and placed on probation. In a North Carolina disbarment proceeding, civil in nature and brought in the Superior Court, the solicitor for the State presented to the trial judge a certified copy of the indictment, plea, judgment and docket entries of the United States District Court. The trial judge dismissed the proceeding on the ground that the plea of nolo contendere did not amount to a confession of the crime charged. The State appealed and this Court affirmed on dual grounds: (1) the disciplinary statute (C.S. § 205 (1929)) gave the State no right to appeal an adverse decision and (2) "the mere introduction of a certified copy of an indictment, and a judgment thereon, based upon a plea of *nolo contendere*, is not sufficient to deprive an attorney of his

license; certainly when he is present in court, denying his guilt · . . . ." *Id.* at 50, 167 S.E. at 383.

[2] In its opinion the Court of Appeals attempted to take this case out of "the general rule" enunciated in *In re Stiers* and the other cases cited above on the ground that respondent Hall not only entered a plea of nolo contendere but the District Court judge, prior to imposing judgment upon the plea, "adjudged that the defendant is guilty as charged and convicted." The Court of Appeals based its decision that the State Bar is entitled to summary judgment on the premise that the general rule "simply should have no application where a judgment of conviction is entered on the plea." *State Bar v. Hall*, 31 N.C. App. 166, 174, 229 S.E. 2d 39, 44 (1976).

In our view the Court of Appeals misconstrued the effect of the District Court's judgment. Our research discloses no difference in the consequences of a plea of nolo contendere in this jurisdiction and the federal courts. On the contrary, it leads us to the conclusion that Justice Parker (later Chief Justice) was correct when he said, "It seems to be the law in all the State Courts and in the Federal Courts that a plea of *nolo contendere* to an indictment good in form and substance, has all the effect of a plea of guilty for the purposes of that case only." *Fox v. Scheidt, Comr. of Motor Vehicles*, supra at 35, 84 S.E. 2d at 262. *See* Fed. Rules Cr. Pro. Rule 11, notes 247-256; Annot., *Plea of Nolo Contendere*, 89 A.L.R. 2d 540, §§ 27, 28, 30 (1963); 22 C.J.S., *Criminal Law* § 425(4) (1961).

In *United States v. Reisfeld*, 188 F. Supp. 631 (Md. 1960), after the defendant entered a plea of nolo contendere, the District Court judge entered judgment on a printed form which would permit its use when a defendant pled guilty or nolo contendere, or was found guilty by a jury or by the court. The form contained the provision which also appears in respondent Hall's judgment, *i.e.*, "It is adjudged that the defendant is guilty as charged and convicted." Thereafter Reisfeld moved the court to amend his judgment by striking out the quoted adjudication of guilt.

In allowing the motion Chief Judge Thomsen held that a judgment based on a plea of nolo contendere "need not and should not state: 'It is adjudged that the defendant is guilty as charged and convicted.' " Judges Chestnut and Watkins concurred in

Judge Thomsen's opinion, wherein he said: "It is not necessary that the court adjudge the party guilty; indeed, it has been held that such a provision in a judgment is not even proper. *See* 152 A.L.R. at 276; Rossman, *Arraignment and Preparation for Trial*, 5 F.R.D. 63, 67. However the judgment may be worded, the effect of the acceptance of a plea of nolo contendere and the imposition of sentence thereon is the same." 188 F. Supp. at 633. Citing numerous authorities, Judge Thomsen noted that while a plea of nolo contendere has all the effects of a plea of guilty for the purpose of the criminal case in which it is entered, "it does not have the effect of an estoppel and cannot be used in any other proceeding as an admission of guilt." 188 F. Supp. at 633.

In footnote 8 to its opinion in *North Carolina v. Alford*, 400 U.S. 25, 36, 91 S.Ct. 160, 166-67, 27 L.Ed. 2d 162, 170, the Supreme Court noted:

"Throughout its history . . . the plea of nolo contendere has been viewed not as an express admission of guilt but as a consent by the defendant that he may be punished as if he were guilty and a prayer for leniency. Fed. Rule Crim. Proc. 11 preserves this distinction in its requirement that a court cannot accept a guilty plea 'unless it is satisfied that there is a factual basis for the plea'; there is no similar requirement for pleas of nolo contendere, since it was thought desirable to permit defendants to plead nolo without making any inquiry into their actual guilt. See Notes of Advisory Committee to Rule 11." See *United States v. Prince*, 533 F. 2d 205 (CCA 5th Cir., 1976); *United States v. Safeway Stores*, 20 F.R.D. 451 (N.D. Texas (1957)); Annot., *Plea of Nolo Contendere*, 89 A.L.R. 2d 540, § 30 (1963).

In *United States v. Safeway Stores, supra*, after noting that Counsel for the Government had described the plea of nolo contendere as "a plea of guilty in Latin," Judge Estes quoted with approval the following comment of the Committee which drafted the Federal Criminal Rules: "While at times criticized as theoretically lacking in logical basis, experience has been that [the plea of nolo contendere] performs a useful function from a practical standpoint." 20 F.R.D. at 454.

[3] Although not a basis for decision, in its opinion, the Court of Appeals — citing authorities from several other jurisdictions — recorded its view that "an exception to the general rule in this

and other jurisdictions that a plea of nolo contendere cannot be used against a defendant in any proceeding other than the case in which it was entered should be made in the case of disciplinary proceedings against licensed attorneys." 31 N.C. App. at 174, 229 S.E. 2d at 44.

With reference to the foregoing comment of the Court of Appeals we reiterate the statement of Chief Justice Devin in *Winesett v. Scheidt, Comr. of Motor Vehicles,* supra at 194-195, 79 S.E. 2d at 505: "Both the court and the prosecuting attorney may well decline to accept such plea [nolo contendere] when the administration of justice might be improperly affected, for when the plea is accepted it is accepted with all the implications and reservations which under the law and accurate pleading appertain to that plea."

The statute under which State Bar instituted this proceeding, G.S. 84-28(2)(a) (1975), makes "*Commission* of a criminal offense showing professional unfitness" one of the grounds for disciplinary action against an attorney. As rewritten by 1975 N.C. Sess. Laws, ch. 582, § 5 (effective 1 July 1975 and codified as G.S. 84-28(b)(1) (Cum. Supp. 1975)), the corresponding ground is "*Conviction* of a criminal offense showing professional unfitness." (Italics ours.) Presumably the General Assembly understood the legal effect of a plea of nolo contendere to a criminal offense involving moral turpitude and constituting conduct showing professional unfitness. We note the omission from the statute of such a plea as a ground for disciplinary action against an attorney.

We have no doubt that respondent's plea of nolo contendere was entered and accepted in reliance upon "all the implications and reservations which under the law . . . appertain to that plea." Fundamental fairness would preclude making an ex post facto exception to the long established rule that the plea of nolo contendere has no effect beyond the particular case in which it was entered and cannot be used against the accused as an admission of guilt in any subsequent civil or criminal action.

We hold that State Bar is not entitled to a judgment as a matter of law on the uncontroverted facts in this case. Respondent's denial of the charge to which he pled nolo contendere raises a genuine issue of material fact. Thus, State Bar is not entitled to summary judgment. The decision of the Court of

Appeals is reversed, and this case will be remanded to the Superior Court for the trial by jury as provided by G.S. 84-28(d)(1) (1975).

Reversed and Remanded.