JAMES SIDNEY DAVIS v. WILLIAM S. HIATT, Commissioner, North Carolina Division of Motor Vehicles

No. 155PA89

(Filed 5 April 1990)

1. **Automobiles and Other Vehicles § 2.3 (NCI3d) — mandatory revocation of driver's license — no right of appeal**

    The suspension of petitioner's driver's license was mandatory under N.C.G.S. §§ 20-17(2) and 20-19(e), and petitioner thus did not have the right to appeal under N.C.G.S. § 20-25. Nor did petitioner have a right of appeal under the Administrative Procedure Act since cases involving a license issued under Ch. 20 are expressly excluded by N.C.G.S. § 150B-2(3) from those cases which may be appealed under the Administrative Procedure Act. N.C.G.S. § 150B-43.

    **Am Jur 2d, Automobiles and Highway Traffic § 144.**

2. **Automobiles and Other Vehicles § 2.3 (NCI3d) — mandatory revocation of driver's license — superior court review by certiorari**

    The superior court had jurisdiction to review the mandatory revocation of petitioner's driver's license by the Commissioner of Motor Vehicles by a writ of certiorari. Where the petition alleged facts sufficient to establish the right of review by certiorari, its validity as a pleading was not impaired

by the fact that petitioner did not specifically pray that the court issue a writ of certiorari.

**Am Jur 2d, Automobiles and Highway Traffic § 144.**

3. **Automobiles and Other Vehicles § 2.4 (NCI3d) — revocation of driver's license — impaired driving — use of prior no contest plea**

The judgment entered on a plea of no contest to a previous charge of driving with a blood alcohol content of .10 percent or more may be used as a prior conviction by the Division of Motor Vehicles for purposes of revoking a driver's license since the court must now make a finding that there is a factual basis for a plea of no contest before it may accept the plea, and this amounts to an adjudication of guilt. N.C.G.S. § 15A-1022(c) (1989).

**Am Jur 2d, Automobiles and Highway Traffic §§ 117, 134.**

Justice FRYE concurring in result.

ON discretionary review of a decision of the Court of Appeals, 92 N.C. App. 748, 376 S.E.2d 44 (1989), affirming the judgment entered by *McLelland, J.,* at the 25 March 1988 Civil Session of Superior Court, WAKE County, reversing an order of the Division of Motor Vehicles (DMV). Heard in the Supreme Court 13 November 1989.

This case involves the revocation of a driver's license. The record shows the petitioner was convicted of operating a motor vehicle with a blood alcohol content of .10 or more on 14 March 1979. His driver's license was revoked for one year until 14 March 1980. On 31 August 1983 the petitioner pled no contest to operating a motor vehicle with a blood alcohol content of .10 or more. His driver's license was revoked until 31 August 1984. On 19 October 1987 the petitioner was convicted of driving while impaired. The Commissioner of Motor Vehicles notified the petitioner that based on N.C.G.S. § 20-17(2) and N.C.G.S. § 20-19(e) his driving privilege had been permanently revoked.

Mr. Davis filed a petition in superior court asking for review of the Commissioner's action. The respondent filed an answer and moved to dismiss the petition for lack of jurisdiction. The superior court denied the motion to dismiss and held that the Commissioner

DAVIS v. HIATT

[326 N.C. 462 (1990)]

erred in permanently revoking the petitioner's driving privilege. The court ordered that the revocation be for one year. The Court of Appeals affirmed the order of the superior court.

We allowed the Commissioner's petition for discretionary review.

*George R. Barrett for petitioner appellee.*

*Lacy H. Thornburg, Attorney General, by Jane P. Gray, Special Deputy Attorney General, and Mabel Y. Bullock, Assistant Attorney General, for respondent appellant.*

WEBB, Justice.

[1] The appellant argues first that the superior court did not have jurisdiction to determine the questions raised in the petition. We agree with the Court of Appeals that the suspension of the petitioner's driving privilege was mandatory under N.C.G.S. § 20-17(2) and N.C.G.S. § 20-19(e) and the petitioner did not have the right to appeal under N.C.G.S. § 20-25. *Underwood v. Howland, Comr. of Motor Vehicles*, 274 N.C. 473, 164 S.E.2d 2 (1968); *Fox v. Scheidt, Comr. of Motor Vehicles*, 241 N.C. 31, 84 S.E.2d 259 (1954).

We do not agree with the Court of Appeals that the petitioner has a right of appeal under Chapter 150B of the North Carolina General Statutes, the Administrative Procedure Act. N.C.G.S. § 150B-43 provides in part:

> Any person who is aggrieved by the final decision in a contested case . . . is entitled to judicial review of the decision under this Article, unless adequate procedure for judicial review is provided by another statute. . . .

N.C.G.S. § 150B-2 provides in part:

> (2) "Contested case" means an administrative proceeding pursuant to this Chapter to resolve a dispute between an agency and another person that involves the person's rights, duties, or privileges, including licensing or the levy of a monetary penalty. "Contested case" does not include rulemaking, declaratory rulings, or the award or denial of a scholarship or grant.
>
> . . . .
>
> (3) "License" means any certificate, permit or other evidence, by whatever name called, of a right or privilege to engage

in any activity, except licenses issued under Chapter 20 and Subchapter I of Chapter 105 of the General Statutes and occupational licenses.

N.C.G.S. § 150B-43 provides that any person who is an aggrieved party in a contested case is entitled to judicial review if it is not otherwise available. N.C.G.S. § 150B-2 says that contested cases include disputes about licenses, except licenses issued under Chapter 20 of the General Statutes. This case involves a driver's license which was issued pursuant to Chapter 20. It is expressly excluded from those cases which may be appealed under the Administrative Procedure Act. The petitioner had no right of appeal under N.C.G.S. § 150B-43.

[2]   The superior court could review the actions of the Commissioner by issuing a writ of certiorari. In *Russ v. Board of Education*, 232 N.C. 128, 59 S.E.2d 589 (1950), the petitioner filed an action in superior court to review the action of the Board of Education of Brunswick County in dismissing him from his position as member of a school committee. The superior court overruled a demurrer to the action and this Court affirmed. Justice Ervin, writing for this Court, said "G.S. 1-269 expressly stipulates that 'writs of *certiorari* . . . are authorized as heretofore in use.' It is well settled in this jurisdiction that *certiorari* is the appropriate process to review the proceedings of inferior courts and of bodies and officers exercising judicial or quasi-judicial functions in cases where no appeal is provided by law." *Id.* at 130, 59 S.E.2d at 591. We held in that case that the act of ousting the petitioner from the school committee was quasi-judicial in nature and may be reviewed by the superior court by certiorari. We also held in that case that if a petition alleges facts sufficient to establish the right of review on certiorari its validity as a pleading is not impaired by the fact the petitioner does not specifically pray that the court issue a writ of certiorari. In this case the petitioner pled sufficient facts to show he did not have a right to appeal from a final decision of an agency. He could then petition for a writ of certiorari to have the case reviewed by the superior court. We hold the superior court had jurisdiction to review the case.

[3]   The substantive question in this case is whether the judgment entered on a plea of no contest to a previous charge of driving with a blood alcohol content of .10 percent or more may be used as a prior conviction by the Department of Motor Vehicles for

purposes of revoking a driver's license. We hold that it may be so used.

In *State v. Outlaw*, 326 N.C. 467, 390 S.E.2d 336 (1990), we discussed the use of a judgment imposed after a no contest plea. We cited several cases passing on this question. *State Bar v. Hall*, 293 N.C. 539, 238 S.E.2d 521 (1977); *Winesett v. Scheidt, Comr. of Motor Vehicles*, 239 N.C. 190, 79 S.E.2d 501 (1954); *State v. Thomas*, 236 N.C. 196, 72 S.E.2d 525 (1952); and *In re Stiers*, 204 N.C. 48, 167 S.E. 382 (1933). *See also Lane-Reticker, Nolo Contendere in North Carolina*, 34 N.C.L. Rev. 280 (1955). The rule from these cases is that a plea of no contest is not an admission and may not be used against the defendant in another case. In those cases it was also held that when a no contest plea was accepted the court must impose a sentence based on the plea and may not adjudge the defendant guilty. Because a court could not adjudge the defendant guilty on a no contest plea there was not a conviction to be used in another case.

N.C.G.S. § 15A-1022(c) (1989) has changed the rule that a court may not adjudicate the defendant's guilt on a plea of no contest. Before a court may now accept a plea of no contest it must make a finding that there is a factual basis for the plea. This amounts to an adjudication of guilt. There is now an adjudication of guilt on a no contest plea and the rationale of the above cases that there is not an adjudication on a no contest plea which may not be used in another case no longer applies. The adjudication of guilt on the no contest plea was properly used by the Commissioner in this case to revoke the petitioner's driving privilege.

Reversed.

Justice FRYE concurring in result.

The Court's decisions today in this case and in *State v. Outlaw*, 326 N.C. 467, 390 S.E.2d 366 (1990), follow naturally from this Court's holding in *State v. Holden*, 321 N.C. 125, 161-62, 362 S.E.2d 513, 535-36 (1987), to which I dissented. While I continue to believe that *Holden* was incorrectly decided insofar as it held that a no contest plea and final judgment entered thereon constituted a conviction under N.C.G.S. § 15A-2000(e), it is now the law of this State, and I am bound thereby. Accordingly, I concur in the result reached by the Court.