STATE OF NORTH CAROLINA v. RAYMOND LEE OUTLAW

No. 324A89

(Filed 5 April 1990)

### Criminal Law § 86.3 (NCI3d) — prior plea of no contest — admissible for impeachment purposes

The trial court did not err in a prosecution for felonious breaking or entering and felonious larceny by denying defendant's pretrial motion in limine to prohibit the State from questioning him for impeachment purposes as to prior cases in which he had pled no contest to charges of breaking or entering and larceny. The trial court is required by N.C.G.S. § 15A-1022(c) to make a determination that there is a factual basis for the plea before accepting a no contest plea; this finding and entry of judgment thereon constitute an adjudication of guilt and would be a conviction within a meaning of N.C.G.S. § 8C-1, Rule 609(a). The testimony here was properly allowed because defendant was asked whether he had been convicted of breaking or entering and larceny charges, so that the question was based on the factual determination by the court which accepted the plea that defendant was guilty. There was error in *State v. Hedgepeth*, 66 N.C. App. 390, where the State asked defendant whether he had pled no contest because defendant by his plea did not admit that he had committed the crime.

**Am Jur 2d, Criminal Law § 499; Witnesses § 570.**

Justice FRYE concurring in the result.

APPEAL as of right pursuant to N.C.G.S. § 7A-30(2) from a decision of the Court of Appeals, 94 N.C. App. 491, 380 S.E.2d 531 (1989), which found no error in a trial by *Stephens, J.*, at the 2 May 1988 Criminal Session of Superior Court, BERTIE County. Heard in the Supreme Court 12 February 1990.

The defendant was convicted in the Superior Court of Bertie County of felonious breaking or entering and felonious larceny. He was sentenced to five years in prison. Prior to the trial the defendant made a motion in limine to prohibit the State from questioning him for impeachment purposes as to prior cases in which he had pled no contest to charges of breaking or entering and

STATE v. OUTLAW

[326 N.C. 467 (1990)]

larceny. This motion was denied. On cross-examination the defendant testified he had previously been convicted of misdemeanor breaking or entering and larceny.

The Court of Appeals found no error with one judge dissenting. The defendant appealed to this Court.

*Lacy H. Thornburg, Attorney General, by Henry T. Rosser, Special Deputy Attorney General, for the State.*

*M. Braxton Gilliam III for the defendant appellant.*

WEBB, Justice.

The question posed by this appeal is whether a defendant may be impeached by requiring him to answer a question as to whether he has been convicted of another crime when his plea of no contest to such a crime has been accepted. N.C.G.S. § 8C-1, Rule 609(a) provides:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime punishable by more than 60 days confinement shall be admitted if elicited from him or established by public record during cross-examination or thereafter.

The resolution of this appeal depends on whether the phrase "has been convicted" in Rule 609 includes the acceptance of a plea of no contest.

We have had several cases in which we considered the way in which pleas of no contest may be used in other cases. *See State Bar v. Hall,* 293 N.C. 539, 238 S.E.2d 521 (1977); *Fox v. Scheidt, Comr. of Motor Vehicles,* 241 N.C. 31, 84 S.E.2d 259 (1954); *Winesett v. Scheidt, Comr. of Motor Vehicles,* 239 N.C. 190, 79 S.E.2d 501 (1954); *State v. Thomas,* 236 N.C. 196, 72 S.E.2d 525 (1952); *In re Stiers,* 204 N.C. 48, 167 S.E. 382 (1933); and *Lane-Reticker, Nolo Contendere in North Carolina,* 34 N.C.L. Rev. 280 (1955). We believe the rule from these cases was that generally a plea of nolo contendere may not be used against the defendant in another case. This rule was based on two factors. First, a plea of no contest is not an admission and may not be used as one in another case. Second, when a plea of no contest is accepted the court must impose a sentence based on the plea and may not adjudge the defendant guilty. If the court in which the defend-

ant pled no contest may not adjudge guilt there is not a conviction to be used in another case.

The General Assembly has enacted Chapter 15A of the General Statutes with an effective date of 1 July 1975, which would make it inapplicable to the above cases. N.C.G.S. § 15A-1022(c) provides that before a court may accept a no contest plea it must determine that there is a factual basis for the plea. This changes the rule that a court must impose a sentence based on the no contest plea and may not adjudicate the guilt of a defendant upon such a plea. When a plea of no contest is now entered there must be a finding by a court that there is a factual basis for the plea. This finding and the entry of a judgment thereon constitute an adjudication of guilt. This adjudication would be a conviction within the meaning of Rule 609(a). As a conviction it may then be used in another case to attack the credibility of a witness. *See State v. Holden*, 321 N.C. 125, 362 S.E.2d 513 (1987), in which we held that a judgment of conviction on a no contest plea could be used to establish an aggravating factor in a capital case.

In this case the defendant was not asked whether he had pled no contest to the breaking and entering and larceny charges. He was asked whether he had been convicted of them. This question was based on the factual determination by the court which accepted the no contest plea that the defendant was guilty. This would be a conviction under Rule 609(a) and the testimony was properly allowed.

This case is not inconsistent with *State v. Hedgepeth*, 66 N.C. App. 390, 310 S.E.2d 920 (1984). In that case it was held to be error for the State to be allowed to ask the defendant on cross-examination whether he had pled no contest to a charge of assault with intent to commit rape. This was an improper question because the defendant by his plea of no contest did not admit he had committed this crime. If the prosecuting attorney had asked the defendant if he had been convicted of the crime this would have been a proper question.

Affirmed.

Justice FRYE concurring in result.

The Court's decisions today in this case and in *Davis v. Hiatt*, 326 N.C. 462, 390 S.E.2d 338 (1990), follow naturally from this

Court's holding in *State v. Holden*, 321 N.C. 125, 161-62, 362 S.E.2d 513, 535-36 (1987), to which I dissented. While I continue to believe that *Holden* was incorrectly decided insofar as it held that a no contest plea and final judgment entered thereon constituted a conviction under N.C.G.S. § 15A-2000(e), it is now the law of this State, and I am bound thereby. Accordingly, I concur in the result reached by the Court.