STATE OF NORTH CAROLINA v. MARTIN BERNARD PETTY

No. 9018SC168

(Filed 30 October 1990)

1. **Criminal Law §§ 1282, 152 (NCI4th)— habitual felon—1973 plea of nolo contendere—improperly used**

    The trial court improperly used a *nolo contendere* plea as one of three prior felony convictions required by N.C.G.S. § 14-7.1 to support a charge of being an habitual felon where judgment was entered against defendant for felony escape based on a *nolo contendere* plea on 2 April 1973, before the effective date of N.C.G.S. Chapter 15A. The rule at that time was that a conviction resulting from a *nolo contendere* plea could not be used against the defendant in any case other than the one in which it was entered.

    **Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 6-10, 14.**

    **What constitutes former "conviction" within statute enhancing penalty for second or subsequent offense. 5 ALR2d 1080.**

2. **Criminal Law § 1286 (NCI4th)— habitual offender—supporting convictions—variance in name**

    A conviction as an habitual offender was not improper because the judgment for the second of the three supporting felonies was under the name Martin Petty whereas defendant was convicted here under the name Martin Bernard Petty. The names are the same for the purposes of N.C.G.S. § 14-7.4; absolute identity of name is not required under the statute. Any discrepancy between the actual age of the defendant at the time of conviction and his age as reflected on the record of conviction goes to the weight of the evidence and not its admissibility.

STATE v. PETTY

[100 N.C. App. 465 (1990)]

Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 15, 27.

3. **Criminal Law § 73.1 (NCI3d) — hearsay — inadmissible — no plain error**

There was no plain error in a prosecution for breaking and entering, larceny, and felonious possession of stolen property from the admission of statements by a witness who did not testify where the statements were inadmissible hearsay but there was sufficient other competent evidence by which the jury could have reached its verdict.

**Am Jur 2d, Evidence §§ 493-496.**

APPEAL by defendant from judgments entered 19 October 1989 by *Judge Thomas W. Ross* in GUILFORD County Superior Court. Heard in the Court of Appeals 27 September 1990.

Defendant was charged by proper bills of indictment with breaking and entering with intent to commit larceny, felonious larceny of a motor vehicle and felonious possession of stolen property. Defendant was charged in a separate bill of indictment with being a habitual felon under G.S. § 14-7.1. Defendant was convicted on all charges following a bifurcated jury trial. Judge Ross arrested judgment on the conviction for possessing stolen property, consolidated for judgment the remaining offenses of breaking and entering and larceny while being a habitual felon and imposed a life sentence. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Newton G. Pritchett, Jr., for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Constance H. Everhart, for defendant-appellant.*

JOHNSON, Judge.

We note initially that defendant did not properly preserve for appeal either issue on which he now relies. N.C. Rules of Appellate Procedure 10(b)(1), 10(b)(3). However, the Court may hear appeals in its discretion under Rule 2 of the N.C. Rules of Appellate Procedure and we do so now.

## I.

Defendant first contends that his conviction and sentence as a habitual felon violated due process because the State's evidence to support the charge was insufficient as a matter of law where (a) the State failed to prove that defendant had been convicted of or pled guilty to three felony offenses as required by G.S. § 14-7.7; and (b) the State failed to prove that the defendant to which the earlier court records referred was the defendant before the court in this case.

### I(a).

[1] In support of the habitual felon charge the State offered certified copies of judgments of three prior felony convictions which corresponded to the felonies charged in the indictment. The second felony conviction was for escape and was based on a plea of *nolo contendere* (no contest). It was proved by a certified copy of the judgment of conviction dated 2 April 1973. Defendant contends that this felony conviction cannot stand as a basis for the habitual felon charge because it was based on a plea of *nolo contendere* which was taken prior to the enactment of G.S. § 15A. We agree.

The definition of a habitual felon is set out in G.S. § 14-7.1: "Any person who has been *convicted* of or pled guilty to three felony offenses . . . is a habitual felon." (emphasis added). The issue here is whether a sentence entered in 1973 pursuant to a plea of *nolo contendere* is a conviction for purposes of G.S. § 14-7.1.

A no contest plea is not an admission of guilt. It is a statement by the defendant that he will not resist the imposition of a sentence in the case in which the plea is entered. *See State v. Holden*, 321 N.C. 125, 161, 362 S.E.2d 513, 535 (1987). The plea authorizes judgment as if on conviction by verdict or guilty plea in that particular case but it leaves the defendant free to assert his innocence in any other case and cannot be considered an admission of guilt. *State Bar v. Hall*, 293 N.C. 539, 238 S.E.2d 521 (1977). *Accord, Fox v. Scheidt, Comr. of Motor Vehicles*, 241 N.C. 31, 84 S.E.2d 259 (1954) (A *nolo contendere* plea is equivalent to a guilty plea for the purpose of the case in which it is entered but does not establish guilt for any other purpose).

The adoption of Chapter 15A of the General Statutes has changed the rule as it is stated above:

STATE v. PETTY

[100 N.C. App. 465 (1990)]

The General Assembly has enacted Chapter 15A of the General Statutes with an effective date of 1 July 1975 [sic], which would make it inapplicable to [earlier cases prohibiting use of a no contest plea against the defendant in other cases]. N.C.G.S. § 15A-1022(c) provides that before a court may accept a no contest plea it must determine that there is a factual basis for the plea. *This changes the rule that a court must impose a sentence based on the no contest plea and may not adjudicate the guilt of a defendant upon such a plea. When a plea of no contest is now entered there must be a finding by a court that there is a factual basis for the plea. This finding and the entry of a judgment thereon constitute an adjudication of guilt.*

*State v. Outlaw*, 326 N.C. 467, 469, 390 S.E.2d 336, 337 (1990) (emphasis added). A no contest plea may now be used to aggravate a crime so as to sustain a death sentence under G.S. § 15A-2000(e). *State v. Holden*, 321 N.C. 125, 161, 362 S.E.2d 513, 535. It can properly be admitted under Rule 609(a) for purposes of impeachment. *State v. Outlaw, supra. See also Davis v. Hiatt*, 326 N.C. 462, 390 S.E.2d 338 (1990) (G.S. § 15A-1022(c) has changed the rule that a court may not adjudicate defendant's guilt on plea of no contest; thus, no contest plea to DWI charge qualifies as a prior conviction for purposes of revoking driver's license since court must now make finding of factual basis for plea and this amounts to an adjudication of guilt).

In the case *sub judice*, defendant was convicted on a plea of no contest to the charge of felony escape. The judgment was entered on 2 April 1973, before the effective date of Chapter 15A. The rule at that time was that a conviction resulting from a *nolo contendere* plea could not be used against the defendant in any case other than the one in which it was entered because it was neither an admission nor adjudication of guilt. The use of this conviction as one of the three prior felony convictions required by G.S. § 14-7.1 to support a charge of being a habitual felon was therefore improper.

### I(b).

[2] Defendant next argues that his conviction as a habitual felon was improper because the State failed to prove that the defendant to which the earlier court records referred was the defendant before the court in this case. The defendant specifically points to the

fact that the judgment of conviction for the second of the three supporting felonies was in the name of Martin Petty whereas this defendant was indicted and convicted in the case *sub judice* under the name Martin Bernard Petty. He further points to age discrepancies on two of the judgments, given defendant's stipulated date of birth. Defendant did not object to the introduction of the documentary evidence at trial nor did he present any evidence to contradict their contents.

The use of documentary evidence in habitual felon proceedings is set out in G.S. § 14-7.4:

In all cases where a person is *charged under the provisions of this Article with being an habitual felon,* the record or records of prior convictions of felony offenses shall be admissible in evidence, but only for the purpose of proving that said person has been convicted of former felony offenses. A prior conviction may be proved by stipulation of the parties or by the original or a certified copy of the court record of the prior conviction. The original or a certified copy of the court record, bearing the *same name as that by which the defendant is charged,* shall be prima facie evidence that the defendant named therein is the same as the defendant before the court, and shall be prima facie evidence of the facts set out therein (emphasis added).

G.S. § 14-7.4. The issue is whether the requirement in the statute that the document bear the "same name as that by which the defendant is charged" means that the names must be identical in order for that document to be *prima facie* evidence that the defendant named in the document is the same as the defendant before the court.

In the case *sub judice*, three certified judgments were entered into evidence to support the habitual felon charge. The first judgment, dated 3 September 1969, identified the "name, age, sex and race of defendant" as being "Martin Bernard Petty CM-19." The second certified judgment dated 2 April 1973, identified the "name, age, sex and race of defendant" as being "Martin Petty 22/M/N." The third certified judgment, dated 30 August 1982, identified the "defendant, race, sex, age" as "Martin Bernard Petty, B, M, 30." The age of the defendant on the first two judgments does not agree with this defendant's stipulated birthdate.

We hold that the names "Martin Bernard Petty" and "Martin Petty" are the "same name" for purposes of G.S. § 14-7.4 and that absolute identity of name is not required under this statute. We note that absolute identity or a specific degree of identity between names can be required by the legislature. An example is G.S. § 15A-924(d) which states in pertinent part:

If the surname of a defendant charged is identical to the surname of a defendant previously convicted and there is identity with respect to one given name, or two initials, or two initials corresponding with the first letters of given names, between two defendants, and there is no evidence that would indicate the two defendants are not one and the same, the identity of name is prima facie evidence that the two defendants are the same person.

G.S. § 15A-924(d). G.S. § 14-7.4 by its own terms specifically applies to a conviction of habitual felon under G.S. § 14-7.3. The plain meaning of the statute would require only that the *same* name be on the judgment and the present indictment. In view of the fact that the legislature could be and, in fact, has been more specific in this regard, we decline to expand the plain meaning of the statute to encompass a greater degree of specificity than the plain meaning would require.

We further find that any discrepancy between the actual age of the defendant at the time of conviction and his age as reflected on the record of conviction, goes to the weight of the evidence and not its admissibility.

## II.

[3] Defendant lastly contends that the trial court committed plain error by admitting improper and prejudicial hearsay during the trial for the substantive offenses of breaking and entering and larceny.

At trial, the State's evidence tended to show, *inter alia*, the following pertinent facts. Mr. Bhagat worked the night shift at the Days Inn in Greensboro. At about 2:30 a.m. on 24 May 1989 he observed a black male approach the front lobby door, peer through the glass, turn and walk away. The man walked to a parked vehicle that appeared to be a white Cadillac hearse, got in and drove away. Mr. Bhagat observed the vehicle until it disappeared after turning toward the nearby Red Carpet Inn. At about

3:00 a.m. Officers Miller and Nabors responded separately to a call concerning a suspicious black male at the Days Inn. They spoke with Mr. Bhagat, obtained a description of the man Bhagat had seen and then proceeded to the Red Carpet Inn in search of the vehicle. Officer Nabors entered the parking lot of the Red Carpet Inn and noticed a 1968 Cadillac hearse parked there. Officer Miller, entering another part of the lot, noticed a vehicle with a black female driver. A black male who fit the description given by Mr. Bhagat was leaning into the window. Miller continued around the motel and saw a hearse with a Smith-Hinnant funeral home logo. Officer Nabors contacted the funeral home by radio and was informed that the hearse should be at the funeral home and apparently had been stolen. Meanwhile, Officer Miller stopped and detained the other car as it came around the motel. The man he had observed standing by the car was now a passenger in the car.

During its direct examination of Officer Nabors, the State elicited the following testimony:

Q. All right. Now during your investigation [at the Red Carpet Inn parking lot], did [the defendant] make any statements to you regarding the hearse or his whereabouts that evening?

A. He stated that he knowed [sic] nothing of the hearse and that he had been with the lady who was driving the car that Officer Miller had stopped when it come around the back of the building.

Q. Did he say how long he had been with that woman?

A. He stated that he had been with her all night.

On direct examination of Officer Miller, the State elicited the following testimony:

Q. Okay, now, did you have any conversation with the female driver of this second car?

A. Yes, I did.

Q. And what did she indicate to you?

A. She indicated she had been on a dinner date with a resident of that particular motel, the Red Carpet Inn. As she was leaving the driveway, the suspect approached her vehicle and leaned in the driver's window asking for a ride. The suspect happened to be going in the same direction, a similar area of town that

she lived in, so she offered to give him a ride. She stated she did not know him and had never seen him before.

Q. Okay. Now subsequent to that, did you then release her and let her on on [sic] her way?

A. Yes, sir.

The officers did not ascertain the woman's identity and she did not testify at trial. The State's evidence consisted primarily of Mr. Bhagat's testimony that the defendant in court was the same man he saw peer into the lobby of the Days Inn and then drive away in a white Cadillac hearse; the man he saw was wearing a dark sports jacket and a white golf hat, as was the defendant when he was brought to Mr. Bhagat shortly thereafter for iden- tification; the seizing of Newport cigarettes from defendant's per- son which matched Newport butts found in the hearse, together with testimony that none of the regular drivers of the hearse smoked Newports.

Defendant contends that Officer Miller's testimony as to the woman driver's statements is inadmissible hearsay which was ex- tremely prejudicial to him in light of the fact the other evidence against him was not very strong and it directly contradicted his claim to the arresting officers that he had been with the woman in the car the entire night.

Out of court statements offered for the truth of the matter asserted are hearsay and are inadmissible unless they fall within an exception to the hearsay rule. G.S. § 8C-1, Rules 801(c), 802. A trial error, not otherwise preserved for appeal by rule or law, is not preserved on appeal unless a timely objection is made. N.C. R. App. P. 10(b)(1). However, under the "plain error" rule an ap- pellate court may review a trial error which seriously affects the fairness and integrity of the judicial proceeding despite the failure of the trial counsel to object. State v. Black, 308 N.C. 736, 303 S.E.2d 804 (1983). N.C. R. App. P. 10(c)(4) (1990) (effective for all judgments of the trial division entered on or after 1 July 1989).

The issue on appeal is whether the statement now objected to for the first time is inadmissible hearsay and if so whether its admission was "plain error" which "would have had a probable impact on the jury's [verdict]." State v. Black, supra at 741, 303 S.E.2d at 807.

STATE v. PETTY

[100 N.C. App. 465 (1990)]

From a review of the transcript we conclude that the woman's statements are inadmissible hearsay as they were offered for the truth of the matter asserted, namely, that she did not know the defendant and had not been with him all night, and further, they do not fall within a recognized exception to the hearsay rule. Even though the admission of the statements constitutes trial error, this error will not mandate a new trial unless the error constitutes "plain error."

The "plain error" rule is "always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said that the claimed error is a *'fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done[.]' " *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983), *quoting United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir.), *cert. denied*, 459 U.S. 1018, 74 L.Ed.2d 513 (1982) (original emphasis).

After reviewing the transcript, we find that although the statement of the woman driver was inadmissible hearsay and therefore erroneously admitted, this does not constitute plain error such as would warrant granting defendant a new trial. There was sufficient other competent evidence by which the jury could have reached its verdict and we are not convinced that absent the error, the jury probably would have reached a different verdict. *State v. Walker*, 316 N.C. 33, 340 S.E.2d 80 (1986).

Conviction as habitual felon reversed and vacated.

Remand to Superior Court for resentencing on the underlying convictions, which are affirmed.

Judges EAGLES and PARKER concur.