HOUSE OF RAEFORD FARMS, INC., PLAINTIFF-APPELLANT v. CITY OF RAEFORD, DEFENDANT-APPELLEE

No. 9016SC1327

(Filed 15 October 1991)

**1. Rules of Civil Procedure § 15.1 (NCI3d) — revocation of wastewater discharge permit — permittee's action for damages and injunction — amendment to complaint**

The trial court did not abuse its discretion by denying plaintiff's motion to amend the complaint in which it sought damages and injunctive relief for the revocation of a wastewater discharge permit where defendant filed a motion to dismiss the original complaint, plaintiff filed an amended and restated complaint, and defendant renewed its motion to dismiss. Although the trial judge elected not to specify the particular reasons underlying the denial of plaintiff's motion to amend, and was not required to do so, the order of dismissal indicates that the court considered the possibility of undue prejudice to defendant as a factor in its decision. The potential for undue prejudice has been recognized as a valid basis for the court's exercise of discretion in denying a motion to amend.

**Am Jur 2d, Pleading §§ 310, 312.**

**2. Administrative Law and Procedure § 51 (NCI4th) — revocation of wastewater discharge permit — action for damages and injunctive relief — dismissal for lack of subject matter jurisdiction**

The trial court correctly dismissed plaintiff's complaint for lack of subject matter jurisdiction where plaintiff sought damages and injunctive relief arising from the revocation of its wastewater discharge permit following the administrative hearing, but failed to properly file a petition for writ of certiorari with the superior court which would have allowed the court to exercise its jurisdiction.

**Am Jur 2d, Administrative Law § 731.**

APPEAL by plaintiff from Order entered 28 September 1990 by *Judge B. Craig Ellis* in HOKE County Superior Court. Heard in the Court of Appeals 18 September 1991.

## HOUSE OF RAEFORD FARMS v. CITY OF RAEFORD

[104 N.C. App. 280 (1991)]

*Jordan, Price, Wall, Gray & Jones, by Henry W. Jones, Jr., Paul T. Flick, and Roseanne P. Carter, for plaintiff appellant.*

*Everett, Wood, Womble, Finan & Riddle, by W. Harrell Everett, Jr., and Jonathan S. Williams, for defendant appellee.*

COZORT, Judge.

The City of Raeford issued an order to revoke plaintiff's wastewater discharge permit and to fine the plaintiff $50,000.00 for alleged violations of the City's effluent discharge standards. Plaintiff sued the City seeking an order enjoining the City from enforcing the order. After amending its complaint once, plaintiff sought a second amendment to add a petition for writ of certiorari to the complaint. The trial court denied the motion for second amendment to the complaint and dismissed the action for lack of subject matter jurisdiction. Plaintiff appeals. We find no abuse of discretion in the trial court's denial of plaintiff's motion to amend and conclude that the action was properly dismissed for lack of subject matter jurisdiction. We thus affirm.

Plaintiff owns and operates a turkey slaughtering and processing business within the city limits of Raeford, North Carolina. In July 1987, plaintiff obtained a permit from defendant in order to discharge wastewater from plaintiff's facility into defendant's sewage system. Twice following the issuance of the initial permit, defendant adopted more stringent standards pertaining to the effluent limits on plaintiff's discharged wastewater. After collecting samples from the plaintiff's wastewater, defendant cited plaintiff for noncompliance with the stricter standards. Defendant issued a Cease and Desist Order on 21 February 1990 directing plaintiff to cease and desist the discharge of sewage which exceeded permit limits. On 1 June 1990, the defendant issued a Notice of Non-Compliance, which set a fine of $50,000.00 and gave the plaintiff 30 days to comply with the permit. Plaintiff was given 15 days to show cause as to why the permit should not be revoked. The City Manager, acting as hearing officer, presided over the Show Cause Hearing, requested by plaintiff, on 10 July 1990. In a decision rendered 25 July 1990, plaintiff was assessed penalties of $50,000.00, charged with $19,072.04 in enforcement costs, and required to post a $100,000.00 performance bond. On 30 July 1990, plaintiff filed a complaint against defendant in Hoke County Superior Court seeking to challenge the hearing officer's findings. The complaint included a claim for damages,

alleged various due process violations, and requested injunctive relief. On 24 August 1990, defendant filed a motion to dismiss alleging, among other things, lack of subject matter jurisdiction.

On 28 August 1990, plaintiff filed an amended and restated complaint which added claims and corrected clerical errors found in the original complaint. A preliminary injunction was granted on 30 August 1990 until the trial court could make a final decision on the merits. On 29 August 1990 and 13 September 1990, defendant renewed its motion to dismiss the action for lack of subject matter jurisdiction. On 20 September 1990, plaintiff filed a second amended complaint which included among other claims a petition for writ of certiorari and two claims pursuant to 42 U.S.C. § 1983 (1988). On 28 September 1990, the trial court denied plaintiff's motion for leave to amend its complaint and dismissed the action in its entirety for lack of subject matter jurisdiction.

[1] On appeal, plaintiff contends that the trial court abused its discretion in denying its motion for leave to amend the complaint. We find no abuse of discretion. Pursuant to Rule 15(a) of the North Carolina Rules of Civil Procedure, a party may amend any pleading once without leave of court if amended prior to the time a responsive pleading is served, but with respect to additional amendments, "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." N.C. Gen. Stat. § 1A-1, Rule 15(a) (1990). This rule reflects the general policy of allowing an action to proceed to a determination on the merits. *Johnson v. Johnson*, 14 N.C. App. 40, 42, 187 S.E.2d 420, 421 (1972). A motion to amend is addressed to the sound discretion of the trial judge and the denial of such motion is not reviewable absent a clear showing of abuse of discretion. *Chicopee, Inc. v. Sims Metal Works*, 98 N.C. App. 423, 430, 391 S.E.2d 211, 216, *disc. review denied*, 327 N.C. 426, 395 S.E.2d 674 (1990). Furthermore, "[a] ruling committed to a trial court's discretion is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). The trial judge is not required to set forth specific reasons for denial of a motion to amend. *Chicopee*, 98 N.C. App. at 430, 391 S.E.2d at 216. Some reasons which would justify a denial, however, include: (a) undue delay, (b) bad faith, (c) undue prejudice, (d) futility of

amendment, and (e) repeated failure to cure defects by previous amendments. *Id.*

In the present case, the trial judge elected not to specify the particular reasons underlying the denial of plaintiff's motion to amend, nor was he required to do so. The order of dismissal indicates that the court considered the possibility of undue prejudice to the defendant as a factor in its decision. Our courts have recognized the potential for undue prejudice as a valid basis for the court's exercise of discretion in denying a motion to amend. *Id.* Contrary to plaintiff's assertion, we find no abuse of discretion in this case and uphold the trial court's denial of plaintiff's motion to amend.

[2] Plaintiff additionally challenges on appeal the granting of defendant's motion to dismiss for lack of subject matter jurisdiction. We conclude that plaintiff's first amended complaint was insufficient to meet the requirements necessary for the court to consider it as a petition for a writ of certiorari. Therefore, we uphold the trial court's dismissal of the action.

The most critical aspect of a court's authority to act is the court's jurisdiction over the subject matter in an action. *Harris v. Pembaur*, 84 N.C. App. 666, 667, 353 S.E.2d 673, 675 (1987). Subject matter jurisdiction refers to the court's ability to adjudicate the particular action which is before the court. *Id.* As noted by statute, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." N.C. Gen. Stat. § 1A-1, Rule 12(h)(3) (1990). When review of certain administrative proceedings is sought by a party, our courts have noted, " '[i]t is well settled in this jurisdiction that *certiorari* is the appropriate process to review the proceedings of inferior courts and of bodies and officers exercising judicial or quasi-judicial functions in cases where no appeal is provided by law.' " *Davis v. Hiatt*, 326 N.C. 462, 465, 390 S.E.2d 338, 340 (1990) (citing *Russ v. Board of Education*, 232 N.C. 128, 130, 59 S.E.2d 589, 591 (1950) ). Since actions taken following an administrative hearing and formal findings made by a municipality are quasi-judicial, and not executive, they are judicially reviewable in the Superior Court Division. *In Re Burris*, 261 N.C. 450, 453, 135 S.E.2d 27, 29-30 (1964). The plaintiff below failed to properly file a petition for writ of certiorari with the superior

court which would have allowed the court to exercise its jurisdiction. Consequently, the trial court's dismissal must be upheld.

To meet the pleading requirements for a petition for a writ of certiorari, a party must demonstrate: (1) no appeal is provided at law, *Davis*, 326 N.C. at 465, 390 S.E.2d at 340; (2) a *prima facie* case of error below; and (3) merit to its petition. *See Taylor v. Johnson*, 171 N.C. 84, 87 S.E. 981 (1916); and N.C. Gen. Stat. § 1-269 (1983). We recognize that "if a petition alleges facts sufficient to establish the right of review on certiorari its validity as a pleading is not impaired by the fact the petitioner does not specifically pray that the court issue a writ of certiorari." *Davis*, 326 N.C. at 465, 390 S.E.2d at 340. In the present case, plaintiff filed a complaint for damages and other relief following the administrative hearing. And, although the plaintiff had amended its complaint one time, the trial court declined to treat the first amended complaint as a petition for a writ of certiorari since the complaint did not allege sufficient facts and did not properly request judicial review of the earlier proceedings. As a result, the trial court was correct in dismissing the action for lack of subject matter jurisdiction. We note, however, that our decision to uphold the dismissal of plaintiff's action does not deny plaintiff the right to file a separate petition for a writ of certiorari.

The trial court's Order of 28 September 1990 is

Affirmed.

Judges ORR and LEWIS concur.