DAVIS, Judge.
Derrick Jose Ward ("Defendant") appeals from his convictions for breaking and entering, felony larceny after breaking or entering, possession of stolen property, and habitual breaking or entering. After a thorough review of the record and applicable law, we affirm Defendant's convictions.
Factual and Procedural Background
The State's evidence at trial tended to show the following: At approximately 3:00 p.m. on 20 May 2015, Defendant and a man known only as "Pee Wee" entered Apex Gold & Coin, a retail establishment owned by Jeffrey Joyce in Forsyth County. Defendant placed a ring and a gold chain on the counter and then proceeded to sit on a couch within the store and make a phone call. When Joyce looked at the items, he realized that they belonged to Jerrel Boyce, another local shop owner. Joyce recognized the ring because he had sold it to Boyce two weeks earlier and the chain because Boyce regularly visited Joyce's shop while wearing it.
Pee Wee told Joyce that he would like to sell the ring and chain, and the two of them began to negotiate over the price. Joyce observed from Pee Wee's body language that he appeared to be deferring to Defendant's judgment as to how the negotiations should proceed.
While Defendant and Pee Wee remained in his store, Joyce sent a text message to his wife requesting that she contact Boyce and notify him that his jewelry was in Joyce's shop. Boyce subsequently came to Joyce's store and became angry when he saw the jewelry. Boyce took the jewelry from the counter, and a verbal altercation ensued during which Boyce accused Defendant and Pee Wee of stealing his property. Defendant contended that he purchased the jewelry "from some dude at a gas station," and Pee Wee stated that he was not involved. When Joyce announced that the police were on the way, Defendant and Pee Wee left the store.
Boyce and his fiancée, Mattie Mitchell, then drove to their home. Boyce had last been at the house at approximately 12:30 p.m. that same day at which time nothing had seemed out of place. When he returned with Mitchell after the incident at Joyce's store, he saw that the home "looked finagled with" and that "it was haywire in there." The back door was kicked in, a window had been broken, and a number of items were missing, including several pairs of sneakers, items of Boyce's clothing, Mitchell's jewelry, and two jars of change. In addition, the gold ring and chain were no longer on the dining room table as they had been when Boyce left the house earlier that day.
On 8 August 2016, Defendant was indicted by a grand jury on charges of breaking or entering, felony larceny after breaking or entering, possession of stolen property, and habitual breaking or entering. A jury trial was held beginning on 5 December 2016 before the Honorable Richard S. Gottlieb in Forsyth County Superior Court on the charges of breaking or entering, felony larceny, and possession of stolen property. The State presented testimony from five witnesses, including Joyce, Boyce, and Mitchell.
The jury found Defendant guilty on all charges on 6 December 2016. On that same day, Defendant pled guilty to the charge of habitual breaking or entering. The trial court sentenced Defendant to a term of forty to sixty months imprisonment.
Analysis
I. Appellate Jurisdiction
As an initial matter, we must determine whether we possess jurisdiction over this appeal. On 12 December 2016, counsel for Defendant filed with the Forsyth County Clerk of Court a document titled "Notice of Appeal." Defendant's notice of appeal did not comply with Rule 4 of the North Carolina Rules of Appellate Procedure in that it failed to include the file number for the habitual breaking or entering charge, designate Defendant as the appellant, name the State as the appellee, state which judgment was being appealed, indicate that the appeal was to this Court, or contain a certificate of service. Accordingly, Defendant's appeal is subject to dismissal. See State v. Hammonds , 218 N.C. App. 158, 162, 720 S.E.2d 820, 823 (2012) ("[A] jurisdictional default, such as a failure to comply with Rule 4, precludes the appellate court from acting in any manner other than to dismiss the appeal." (citation and quotation marks omitted)).
In recognition of the fact that his notice of appeal was in violation of Rule 4, Defendant has filed with this Court a petition for writ of certiorari . Pursuant to Rule 21(a)(1) of the Appellate Rules, this Court possesses the authority to grant a petition for writ of certiorari and review an order or judgment entered by the trial court "when the right to prosecute an appeal has been lost by failure to take timely action ...." N.C. R. App. P. 21(a)(1).
The State does not contend that it has been misled by Defendant's notice of appeal. Thus, in our discretion, we grant Defendant's petition for writ of certiorari and proceed to address the merits of his arguments. See Hammonds , 218 N.C. App. at 161-63, 720 S.E.2d at 823 (granting certiorari where defendant's written notice of appeal failed to list all of his convictions or name the court to which appeal was being taken).
II. Admission of Hearsay Testimony
In this appeal, Defendant argues that the trial court erred by (1) admitting hearsay evidence as to two of Pee Wee's statements denying involvement in the crime; and (2) failing to instruct the jury to disregard those statements. During Joyce's testimony, he related that Pee Wee had "said basically, 'I'm not involved.' " Joyce also stated an additional time during his testimony that "I remember [Pee Wee] basically telling me he's not involved."
Because Defendant failed to object to the trial court's admission of these statements or ask for a curative instruction, our consideration of this issue is limited to plain error review. See N.C. R. App. P. 10(a)(4) ("In criminal cases, an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error.").
For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice-that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty. Moreover, because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affects the fairness, integrity or public reputation of judicial proceedings.
State v. Lawrence , 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (internal citations, quotation marks, and brackets omitted).
Even assuming - without deciding - that Pee Wee's statements constituted inadmissible hearsay, we hold that their admission did not rise to the level of plain error because it did not have a probable impact upon the jury's finding that Defendant was guilty. The evidence of Defendant's guilt was overwhelming. The State's evidence showed that (1) Defendant personally placed the stolen jewelry on the counter of Joyce's shop; (2) Pee Wee's body language demonstrated that he was deferring to Defendant during negotiations regarding the sale of the jewelry; (3) during the altercation with Boyce, Defendant claimed that the jewelry belonged to him; and (4) Defendant fled the store when Joyce announced that the police were on the way.
Therefore, we are satisfied that any alleged error with regard to the admission of Pee Wee's statements and the failure to give a curative instruction did not rise to the level of plain error. See State v. Petty , 100 N.C. App. 465, 473, 397 S.E.2d 337, 343 (1990) (erroneous admission of hearsay statements did not constitute plain error where "[t]here was sufficient other competent evidence by which the jury could have reached its verdict" (citation omitted)).
Conclusion
For the reasons stated above, we hold that Defendant received a fair trial free from prejudicial error.
NO PLAIN ERROR.
Report per Rule 30(e).
Judges BRYANT and INMAN concur.